### W. B. TRAYNHAM AND OTHERS v. T. J. JACKSON.

Where several persons signed a promissory note with their individual names, and they were described in the body of the note, as the trustees of Chappell Hill College, it was held that although, *prima facie*, they were personally liable on the note, yet that they might allege and prove that Chappell Hill College was a corporate body, that the defendants were trustees thereof, and had authority to make said contract on its behalf, that the note was made with the intention of binding said corporation alone, and not the defendants personally, all of which was known to the plaintiff, the payee, which would discharge them from personal responsibility.

Appeal from Washington. Suit by appellee against appellant and others, in their individual capacity, upon a note of the following purport:

"Twelve months after date, we, the trustees of Chappell "Hill College, promise to pay T. J. Jackson or order, three "hundred dollars." (Signed by eight persons.)

Four of the defendants pleaded that Chappell Hill College is, and was at the date of the note, a body corporate and politic, capable of contracting, suing and being sued; that defendants, at the date of said note, together with the other defendants, were trustees of said college, and as such authorized to contract and execute notes; that said note was given for and on account of said college, and for a debt due and owing from the same; that the defendants, acting as trustees, executed said

note with the intent to bind said college, which they had the full power to do ; that they did not intend to render themselves individually liable ; all of which was well known to the said plaintiff.

A general exception to this plea was sustained by the Court. Judgment against all the defendants. Appeal by the defendants who filed the above plea.

*J. Sayles*, for appellants. The case of Brockway v. Allen, (17 Wend. 40,) is in point, and settles the law of this case.

As a general rule, contracts made in behalf of a corporation should be made in the corporate name; and if an agent contract without using the corporate name, he renders himself individually liable. (Story on Contracts, Sec. 312.) But the non-user of the corporate name only operates as *prima facie* evidence, and may be rebutted by any evidence which could bind a principal upon the contract of his agent. (Id. Sec. 312, a.)

But the strict rule that applies to sealed instruments, does not extend to parol contracts. In the latter case, the intention of the parties, constitutes the rule of interpretation, whenever it can be deduced from the consideration of the whole instrument. Whatever be the terms of the contract, if the agent can show clearly that the credit was given to his principal, he will not be personally liable. (Story on Contracts, Sec. 142, 146, 154 ; Emerson v. Hat Manf. Company, 12 Mass. R. 237 ; Mann v. Chandler, 9 Id. 335 ; Staunton v. Camp, 4 Bar. S. C. R. 294.)

*G. W. Horton*, for appellee. The mention of the makers of the note as trustees in the body of the note, was merely *descriptio personae*, and they are personally liable. If persons who fill official stations as Church Wardens, Commissioners, &c., give bills or notes in which they describe themselves by their official stations, they are nevertheless personally liable.

(Byles on Bills, 133; Rew v. Petit, 28 Com. L. R. 110; Eaton v. Bell, 7 Id. 13.)

The pleas proposed the introduction of proof, to vary the plain import of the written contract of the parties. By no possible rule of construction can the note, from its terms and words, be construed as the contract of the college.

HEMPHILL, CH. J. *Prima facie* the defendants were personally liable. (9 Johns. 334; 19 Wend. 40.) The addition of trustees might be taken as merely *descriptio personae*.

The only question is, whether they could be permitted to prove that they were agents of the corporation, acting within the limits of their authority, and that this was known to the plaintiff at the time of the contract. And this seems, upon authority, to be beyond any doubt. Whether the act be done in the name of the principal, or in the name of the agent acting for the principal, would seem, in reason, to be quite immaterial. Let it be done as it may, it is the agent who performs the Act. By his agency alone can it be done; and if that agency appears, it should, in the nature of things, be sufficient to bind the principal.

In relation to solemn instruments, under seal, the rule at Common Law is, that the instrument, in order to bind the principal, must purport on its face to be the contract of the principal, and his name must be inserted in it and signed to it. But in equity, deeds executed in the name of the attorney would be binding on the principal, provided the agent had authority. (Giddens v. Byers' Heirs, 12 Tex. R. 82.) But the strictness of the rule at Common Law, in regard to the mode of execution, extends only to solemn instruments, under seal. It does not reach unsolemn instruments, and especially commercial and maritime contracts. In regard to these, the liability of the principal is made to depend upon the fact that the act was done in the exercise and within the limits of the powers delegated, and especially that it was the intent of the

parties that the principal and not the agent should be bound. (Angell & Ames on Corporations, Sec. 294; 1 Kelly, 428.) And in ascertaining these facts, as connected with the execution of a written instrument, it has been held that parol testimony is admissible. (Angell & Ames, Id.)   Thus, where a note was "I promise," &c., and it was signed for the "Providence Hat Manufacturing Company," A. B., (the agent,) it was held to be the note of the Company, and not of the agent. (12 Mass. R. 237.)   Where the note was, "I promise to pay," &c., signed "pro C. D., A. B.," it was held to be the note of C. D., and not that of A. B.   (11 Mass. R. 97; Story on Agency, Sec. 154.)   In relation to all such contracts, not under seal, the intention of the parties is allowed full force, and, if it were the design to bind the principal, he is held to be liable.

The fact that the note was not made in the name of the corporation, but in that of the trustees, will not exempt the corporation, provided the trustees acted within the sphere of their agency, and intended by their acts to bind the corporation. This the defendants proposed by their plea to establish.   They allege their authority to execute notes for the corporation; that this note was given for debt due and owing by the said college; that the intent and purpose, by the execution of the note, was that the corporation should be bound to its payment; that the defendants had full power by said note to bind the corporation; and that they did not intend to render themselves liable, individually or collectively; and that all these facts were well known to the plaintiff.

The facts, if proved, would relieve the defendants from liability.   They show that their act was that merely of agency, and that this was well known to the plaintiff.   If so, the defence is substantial, and the plea should have been permitted to stand, for the introduction of proof.   The exceptions of the plaintiff to the second answer or plea of defendants should not have been sustained; consequently the judgment, as to the de-

fendants who have appealed, must be reversed, leaving the judgment undisturbed as to others who have not appealed.

Reversed and remanded.