### SHELTON v. MONTOYA OIL & GAS CO.
(No. 623–4478.)

(Commission of Appeals of Texas, Section B. March 9, 1927.)

1. **Joint-stock companies and business trusts 17—Trustee of business trust is liable for company's obligations.**

Trustee of business trust is personally liable for obligations of company.

2. **Evidence 441(11)—Parol evidence held admissible to show agreement that members of business trust should not be personally liable on notes signed by company by its secretary.**

In action on notes signed by business trust by its secretary, parol evidence *held* admissible to show agreement that they were to be paid out of proceeds of stock, and that individual members of company should not be liable; rule that parol evidence is inadmissible to vary written contract being inapplicable.

3. **Joint-stock companies and business trusts 15(1)—Signature of fictitious trust name prima facie binds all stockholders.**

Signature of fictitious trust or company name prima facie binds every stockholder in such concern.

4. **Joint-stock companies and business trusts 15(1)—Stockholder of business trust may contract with creditor for exemption from personal liability.**

Stockholder of business trust may contract with creditor for exemption from personal liability on particular notes.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by George M. Shelton against the Montoya Oil & Gas Company. Judgment, denying recovery against the stockholders and trustees in the defendant company, was affirmed by the Court of Civil Appeals (272 S. W. 222), and plaintiff brings error. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for plaintiff in error.

Webb & Webb, of Sherman, for defendant in error.

SPEER, J. The judgments of the trial court and of the Court of Civil Appeals (272 S..W. 222) denied to plaintiff in error the right to a personal recovery against the individual defendants in a suit upon a series of promissory notes, signed "Montoya Oil & Gas Co., per S. L. Rickets, Sec."; the individual defendants being stockholders and trustees in the Montoya Oil & Gas Company, an unincorporated, so-called trust. The writ was granted "because the so-called stockholders and trustees were liable as trustees. See Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554; Victor Refining Co. v. Bank, 115 Tex. 71, 274 S. W. 561." An examination of the case, however, convinces us that the sole question raised in the application was not involved in the Thompson-Schmitt and Victor Refining Co.-Bank Cases.

[1, 2] The only assignment of error relates to the holding that parol evidence was admissible to show that the individual defendants were not liable because of an agreement to that effect at the time the notes were taken. But two propositions are announced: First, that a trustee of a trust estate is personally liable for the obligations of the estate; and, second, that parol evidence is not admissible to show that the notes were to be paid out of a particular fund or that the maker thereof was not to be bound thereby, and, concretely, such evidence was not admissible to show it was agreed that the notes were to be paid out of the proceeds of the sale of the stock in the company, and that the individual members should not be liable thereon.

The first of those propositions is undoubtedly sound generally. That a trustee of a trust estate (being a stockholder therein) is personally liable for the obligations of the estate is the question settled in the Thompson-Schmitt and companion cases, and we have no intention of going into a discussion of that question. But the second proposition raises a question of law not involved in that line of decisions.

[3] We will not waste time to cite cases to the elementary proposition that parol evidence will never be admitted when its legal effect is to contradict or vary the terms of a valid written instrument, but we are clearly of the opinion the evidence complained of in this case does not come within that prohibition. The evidence complained of was to the effect that, before the notes in controversy were executed, plaintiff in error, the payee, discussed with defendants in error, or some of them, the security to be given, and sought to have the defendants in error personally bound. They did not agree to this, and plaintiff in error then agreed to take the company notes with stock certificates attached as security. Evidence to this effect came not alone from defendants in error, but from another adversely interested in the transaction. When the testimony was offered, the plaintiff objected upon the ground that its effect was to contradict and vary the terms of the written obligations. But does it have such effect? We do not think so. It may be conceded that prima facie every stockholder in a so-called trust is personally liable for its debts. It may be further conceded, as indeed it should be, that the signature of the fictitious trust or company name prima facie binds every stockholder in such concern. But this effect is only prima facie, and parol evidence to show that the parties by agreement did not intend the instrument to have that effect does not in legal contemplation contradict or vary the instrument, when it otherwise would be a valid undertaking.

In Traynham v. Jackson, 15 Tex. 170, 65 Am. Dec. 152, where eight individuals signed a promissory note, promising "We, the trustees of Chapel Hill College, promise to pay T. J. Jackson or order $300," it was held the addition of "trustees" was merely descriptio personæ, and the individuals were prima facie personally liable, but it was said:

"The fact that the note was not made in the name of the corporation, but in that of the trustees, will not exempt the corporation, provided the trustees acted within the sphere of their agency, and intended by their acts to bind the corporation. This the defendants proposed by their plea to establish. They allege their authority to execute notes for the corporation; that this note was given for debt due and owing by the said college; that the intent and purpose, by the execution of the note, was that the corporation should be bound to its payment; that the defendants had full power by said note to bind the corporation; and that they did not intend to render themselves liable, individually or collectively; and that all these facts were well known to the plaintiff.

"The facts, if proved, would relieve the defendants from liability."

In Elwell v. Tatum, 6 Tex. Civ. App. 397, 24 S. W. 71, 25 S. W. 434, the late Chief Justice Key of the Court of Civil Appeals for the Third District, in discussing this precise exception to the parol evidence rule, said:

"'But, although it is thus true that persons contracting as agents are ordinarily held personally responsible where there is no other responsible principal to whom resort can be had, yet the doctrine is not without some qualifications and exceptions, as, indeed, the words "ordinarily held" would lead one naturally to infer; for, independent of the cases already suggested, where the contract is or may be treated as a nullity on account of its inherent infirmity or defective mode of execution, other cases may exist in which it is well known to both of the contracting parties that there exists no authority in the agent to bind other persons for whom he is acting, or that there is no other responsible principal, and yet the other contracting party may be content to deal with the agent, not upon his personal credit, or personal responsibility, but in the perfect faith and confidence that such contracting party will be repaid and indemnified by the persons

who feel the same interest in the subject-matter of the contract, even though there may be no legal obligation in the case.' The question generally is, 'To whom is the credit knowingly given, according to the understanding of both parties?' 'The law in all these cases pronounces the same decision: That he to whom the credit is knowingly and exclusively given is the proper person who incurs liability, whether he be the principal or the agent.' Story, Ag. § 288. See, also, Bac. Ben. Soc. § 128. In our opinion, the case under consideration is not embraced within the general rule, but belongs with the exceptions above indicated. The reason underlying the general rule is that when persons execute a written instrument securing a valuable right, and showing prima facie a personal liability, the courts will not give it a construction that secures no right whatever. Construing together all the instruments that were made at the time those sued on were executed, they secure to the persons named in the latter as payees substantial and valuable rights, regarded at the time by said payees, acting by their agent, as amply sufficient to protect them from loss."

The individuals in that case signed as trustees of the Methodist Episcopal Church South at Lampassas. The church was an unincorporated society. The lands belonging to the society were mortgaged to secure the indebtedness. Judge Key concludes the opinion by saying:

"The rights thus secured consisted in the legal incumbrance of the lands described in the trust deeds—the creation of a fund for the payment of the money advanced to a church organization—when it was expected that the security would always be worth more than the debt, and not intended that any individual should become liable for said debt."

He affirmed the judgment of the trial court holding the individual trustees not liable. A writ of error was refused by the Supreme Court.

In the comparatively recent case of George v. Hall, 262 S. W. 174, the Court of Civil Appeals for the Fourth District held that parol testimony to the effect that the payee in a note, signed "Burkburnett-American Oil & Dev. Co., by R. W. Hall, Pres.," and attested by "R. W. Lawler, Secy., A. E. Chambers, Treas.," was told at the time negotiations were in progress for the execution of the note that the trustees were not individually or personally liable upon the note and would not indorse it personally, did not tend in any way to contradict, vary, or change the terms of the instrument. See, also, Texas, etc., Co. v. Carroll, 63 Tex. 48; Kelley v. Collier, 11 Tex. Civ. App. 353, 32 S. W. 428; Dayle L. Smith Co. v. Supply Co. (Tex. Civ. App.) 268 S. W. 489 (writ refused).

The underlying principle upon which these cases rest is that the inquiry is directed to the real makers of the paper, and is not concerned with the interpretation of the contract, but rather with its identity. Whether the instrument be ambiguous or not, it is no violation of the parol evidence rule to permit parol evidence to identify and make certain the understanding as to the parties thereto. Subject to the qualification referred to by Judge Key, that the instrument must not be destroyed in its entirety, it is always allowable to prove who was intended to be bound by the instrument. The contract as thus made between the parties is then enforced according to its legal terms.

The facts in the George-Hall Case, supra, are strikingly like the facts in this case. The plaintiff George in that case testified:

"At that time I asked for personal indorsement of the trustees, on the last renewal. That was after I had accepted the first note and the deal was closed, but on the last renewal I asked for personal indorsement and they refused to give it."

Attached to the note as collateral was a certificate of stock in the name of the payee, containing the following:

"No member of this company shall be personally liable for any debts, covenants, demands, contracts of any kind, or torts, of this company beyond the payment in full of the price for which his share or shares were sold him by the company."

Knowing these things, it was held the plaintiff George dealt with the company, and that parol testimony was permissible to show to whom he looked for his debt. The case never reached the Supreme Court.

In this case the plaintiff in error sought and was refused the personal liability of the trustees, but he, nevertheless, accepted the company's notes to which were attached stock certificates expressly exempting such trustees from personal liability, thus contracting for their immunity. It would be an unwarranted interference with the right of contract to permit a recovery.

[4] We do not understand the Thompson-Schmitt Case, or any other by the Supreme Court as to that, to hold that a stockholder in a so-called trust may not contract with a creditor for exemption from personal liability. That is exactly what was done in this case, and we think such contract is permissible and binding. No public policy is violated by it.

We therefore recommend that the judgments of both the Court of Civil Appeals and the trial court be in all respects affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.