LILLIAN A. ROBERTS v. ABERDEEN-SOUTHERN PINES
SYNDICATE ET AL.

(Filed 26 February, 1930.)

1. **Bills and Notes G a—Payee looking for payment out of funds of trust is estopped from contending that trustees were personally liable.**

Where the payee of a note, at the time he agrees to lend a sum of money to a Massachusetts Trust, and at the time he accepts a note of the trust signed by the trustees, knows that by express provisions in the Declaration and Indenture of Trust that the trustees were exempt from personal liability for debts of the trust, the payee is estopped from contending that the trustees are personally liable on the note. As to whether owners of a beneficial interest in a Massachusetts Trust are liable as partners or whether such a trust is contrary to public policy, is not presented on the record and not decided.

2. **Bills and Notes H a—Burden of proving personal liability of trustees on note of Massachusetts Trust is on plaintiff.**

Where the plaintiff seeks to hold the trustees of a Massachusetts Trust personally liable on a note signed by them as trustees the burden of proof is on the plaintiff.

APPEAL by plaintiff from *Cowper, Special Judge,* at September Term, 1929, of MOORE. No error.

This is an action to recover on a note executed by A. M. Steinburg, trustee, and M. D. Shannon, trustee, in the name of Aberdeen-Southern Pines Syndicate. The note is dated 29 November, 1926, and was due four months after date. Plaintiff is the holder of said note.

Prior to the delivery of said note, certain of the defendants endorsed the same and thereby became liable to the holder of the note as endorsers. Each of said defendants, at the time he endorsed said note, was the owner of a certificate of interest in the Aberdeen-Southern Pines Syndicate, in whose name and for whose benefit the note was executed. It was admitted by these defendants that prior to the commencement of this action, the said note, upon its due presentment according to its tenor, was dishonored by nonpayment. The defendants who endorsed said note do not deny their liability to the plaintiff as holder of said note for the amount due thereon.

Plaintiff alleges in her complaint that the defendants other than the endorsers of said note, are liable to her as joint adventurers or as partners, doing business at the date of the execution of said note under the name of the Aberdeen-Southern Pines Syndicate, for that at said date each of said defendants was the owner of a certificate of interest in said syndicate. The said defendants admit that they were the owners of certificates of interest in said syndicate, as alleged; they deny, however,

that they were partners by reason of such ownership. They allege that plaintiff loaned the sum of $10,250 to the Aberdeen-Southern Pines Syndicate, and took the note sued on in this action as security therefor, with knowledge, both actual and constructive, that by the express provisions of the Declaration and Indenture of Trust, under which said syndicate was formed, the Aberdeen-Southern Pines Syndicate is a trust and not a partnership, and that neither the trustee nor the *cestuis que trustents* are personally liable as partners or otherwise, for the debts of said syndicate; that only the trust fund, in the hands of the trustees is liable for said debts.

The issues submitted to the jury were answered as follows:

"(1) What is the amount due on the note sued upon in this action? Answer: $10,250, with interest thereon at 6 per cent from 29 November, 1926.

(2) Are the defendants who endorsed said note liable and bound for the payment thereof? Answer: Yes.

(3) Are the defendants, other than those who endorsed said note, liable and bound for the payment thereof? Answer: No."

From judgment on the verdict denying plaintiff judgment for the amount due on the note sued on, against defendants who are not endorsers of said note, plaintiff appealed to the Supreme Court.

*H. F. Seawell & Sons for plaintiff.*

*Varser, Lawrence, Proctor & McIntyre for defendants other than the endorsers.*

CONNOR, J. The burden of proof on the third issue submitted to the jury at the trial of this action, was on the plaintiff. The court instructed the jury that if they should find the facts to be as all the evidence tended to show, they should answer this issue "No." Plaintiff duly excepted to this instruction, and on her appeal to this Court contends that her assignment of error based on this exception should be sustained. The only question to be decided on this appeal is whether or not there was error in this instruction.

Plaintiff contends that under the provisions of the Declaration and Indenture of Trust, by which the Aberdeen-Southern Pines Syndicate was created, the owners of certificates of interest issued by said syndicate as evidence of their investments in the trust fund of said syndicate, are joint adventurers, and are liable as partners for debts incurred by the trustees for and in behalf of the syndicate; she contends that the Aberdeen-Southern Pines Syndicate is in law a partnership and not a common-law trust, notwithstanding the express declaration in the Declaration and Indenture of Trust by which the said syndicate was created to

that effect. If this contention is well founded, then the defendants referred to in the third issue, upon all the evidence are liable on the note held by the plaintiff, nothing else appearing, and there was error in the instruction, as contended by plaintiff.

The defendants referred to in the third issue contend, on the other hand, that they are not partners, but merely *cestuis que trustent,* for that the Aberdeen-Southern Pines Syndicate, created by the Declaration and Indenture of Trust offered in evidence by the plaintiff, is not a partnership, but a common-law trust, such as is recognized in the State of Massachusetts, and therefore called a Massachusetts trust. They contend further that, even if it shall be held as a matter of law, that in the absence of a statute in this State recognizing a common-law or Massachusetts trust, as a valid business organization, distinguishable from a partnership or from a corporation, said syndicate is a partnership, and that said defendants are partners and therefore liable to creditors of said syndicate, generally, they are not liable in this action to the plaintiff, for the reason that she loaned the money now due to her on said note, to the said syndicate, with knowledge, both actual and constructive, that it is expressly provided in the Declaration and Indenture of Trust by which the said syndicate was created, that said syndicate is a trust, and not a partnership, and that "no owner of any certificate or beneficial interest therein shall be personally liable for any debts, covenants, demands or contracts of any kind, or torts of the syndicate beyond the payment in full of the amount for which his certificate of beneficial interest was issued."

If the latter contention is well founded, it will not be necessary for us to discuss or to decide the question involved in the former contention. We have no authoritative decision of this Court upon the question as to whether a business organization such as the Aberdeen-Southern Pines Syndicate is a common-law trust or a partnership. It is admittedly not a corporation, for although it has some of the characteristics of a corporation, it was not organized under or pursuant to the law of this State or of any other State, as a corporation. The courts in other jurisdictions are not in accord in their decisions of this question. The syndicate has some of the characteristics of a partnership, and many courts hold that similar business organizations are partnerships, with the result that trustees and owners of beneficial interests therein are liable as partners, for debts contracted in carrying on its business, notwithstanding provisions for their exemption from personal liability. See annotation, "Massachusetts or Business Trust," 58 A. L. R., p. 518. The annotator says: "It may be well to remark here that while some of the recent decisions seem to tend toward clearing up, at least in some jurisdictions, certain legal points as to the form of business organization commonly

known as the 'Massachusetts Trust,' other courts indicate, by the care with which they express their views on the particular narrow points involved, that they are still far from clear as to the status of this hybrid form of organization, or as to the extent to which it should be allowed to develop."

One of the tests sometimes, but not universally, applied by the courts in determining whether a business organization such as the Aberdeen-Southern Pines Syndicate is a partnership or a common-law trust, is whether the owners of beneficial interests therein have or do not have control of the business for the conduct of which the organization was created. This in *Schumann-Heink v. Folsom,* 328 Ill., 321, 159 N. E., 250, 58 A. L. R., 485, it is said: "Where, under the declaration of trust, the unit holders retain control over the trustees, and have authority to control the management of the business, the partnership relation exists. *Frost v. Thompson,* 219 Mass., 360, 106 N. E., 1009; *Hart v. Seymour,* 147 Ill., 598, 35 N. E., 246; Dunn, Business Trusts, secs. 140 *et seq.* On the other hand, where the declaration of trust gives the trustees full control in the management of the business of the trust, and the certificate holders are not associated in carrying on the business, and have no control over the trustees, then there is no liability as partners. *Smith v. Anderson,* L. R., 15, ch. div. 247, C. A.; *Williams v. Milton,* 215 Mass., 1, 102 N. E., 355; *Mayo v. Moritz,* 151 Mass., 481, 24 N. E., 1083; *Rhode Island Hospital Trust Co. v. Copeland,* 39 R. I., 193, 98 Atl., 273; *Bills v. Hackathorn,* 159 Ark., 621, 31 A. L. R., 847, 252 S. W., 602; *H. Kramer & Co. v. Cummings,* 225 Ill. App., 26; *Home Lumber Co. v. Hopkins,* 107 Kan., 153, 10 A. L. R., 879, 190 Pac., 601.

If the above test should be applied to the Aberdeen-Southern Pines Syndicate, in order to determine whether the said syndicate is a partnership or a common-law trust, we should hold that said syndicate is not a partnership, but a common-law trust, for by the provisions of the Declaration and Indenture of Trust, by which the said syndicate was created, the owners of beneficial interests therein have no control of the management of the business of the syndicate. Whether in that event, we should further hold that in the absence of statutory recognition in this State of the common-law or Massachusetts trust, such a trust is unlawful as contrary to public policy, is not necessarily presented on this record. We, therefore, do not discuss or decide this question, which is discussed in the brief filed in this Court for appellant.

All the evidence offered at the trial of this action tended to show that plaintiff, at the time she agreed to lend the sum of $10,250 to the Aberdeen-Southern Pines Syndicate, and at the time she accepted the note sued on as security for said loan, had full knowledge, both actual and constructive, of the provisions in the Declaration and Indenture of

Trust, by which said syndicate was created, expressly exempting the owners of certificates of beneficial interests in said syndicate from personal liability for the debts of the syndicate. If the jury found the facts to be as this evidence tended to show, plaintiff is estopped from contending that defendants referred to in the third issue are liable and bound for the payment of the note held by her. There was therefore no error in the instruction of the court with respect to the third issue.

In *Heink v. Folsom,* 328 Ill., 321, 159 N. E., 250, 58 A. L. R., 485, it is said: "It is not against public policy to make an agreement with a creditor that he shall, in case of default in payment, look exclusively to a particular fund for his reimbursement."

Even where a business organization such as the Aberdeen-Southern Pines Syndicate is held to be a partnership, as in Texas, it is also held that the owner of a certificate of interest in such organization, is not personally liable to a creditor who extended credit to the organization with knowledge that such owner was expressly exempted from personal liability by the provisions of the instrument by which the organization was created. See *Shelton v. Montoya Oil & Gas Co.,* 292 S. W., 165; *Farmers State Bank & Trust Co. v. Gorman Home Refinery,* 3 S. W. (2d), 65.

In *McCarthy v. Parker,* 243 Mass., 465, 138 N. E., 8, it was held that even assuming that the shareholders of a business trust were partners as to creditors not contracting to look solely to the trust property, and that as such they were personally liable to creditors generally, a creditor who knew that the declaration, by which the trust was created, expressly exempted the shareholders from such liability, could look only to the trust property for payment of his debt. He could not hold the shareholders personally liable for his debt. The judgment is affirmed. We find

No error.