STATE v. ARTHUR THOMAS AND DIXIE BONDING COMPANY.

(Filed 18 March, 1936.)

**1. Bail B e—The State is bound by the terms of a bail bond accepted by it.**

In this action on an appearance bond it appeared that the bond stipulated that it should create a liability against a certain trust fund held by the trustees under a recorded declaration of trust, and that the bond should create no personal liability on the part of the trustees or any *cestui que trust,* and that the recorded trust agreement contained like stipulations against personal liability. Upon breach of the bond and execution against the trust fund being returned unsatisfied, the solicitor moved that the trustee signing the bond be made a party, alleging that the trust in fact created a partnership between the trustees, and that the trustee signing the bond was personally liable. *Held:* The State having accepted the bond, and having notice, both actual and constructive, of the provision against personal liability, is bound by the terms of the bond and may not hold the trustee signing the bond personally liable.

**2. Same: Estoppel C d—**

The State, claiming under an appearance bond, may not be heard to attack its validity.

**3. Same—If appearance bond is void as being contrary to public policy, the bond is a nullity and no recovery may be had thereunder.**

> The appearance bond in this case stipulated that it should create liability against a certain trust fund, but that the trustees and *cestuis que trustent* should not be personally liable. The State contended that its provisions were void as being against public policy. *Held:* If the bond is void, as contended by the State, no recovery may be had thereunder, since in such event the bond is a nullity.

APPEAL by respondent C. C. Willis from *Harding, J.,* at October Term, 1935, of YANCEY.   Reversed.

On 4 February, 1932, the defendant Arthur Thomas executed a bond in the sum of one thousand dollars, payable to the State of North Carolina, with the Dixie Bonding Company as his surety, conditioned for his appearance at the March Term, 1932, of the Superior Court of Yancey County, to answer the criminal charge made against him on this action. The bond was executed in the name of the Dixie Bonding Company by J. W. Bennett, trustee or agent, and contains a paragraph as follows:

"This bond, when signed by Dixie Bonding Company, by C. C. Willis or W. F. Rogers, or their duly authorized agent, shall create a liability against all of the trust fund held by the said trustees under a declaration of trust dated 14 August, A.D. 1923, and recorded in the office of the register of deeds for Buncombe County, North Carolina, Book of Deeds 273, at page 381, and shall not be a personal liability on the part of the trustees or any of the *cestuis que trustent.*"

Upon the failure of the defendant Arthur Thomas to make his appearance at the March Term, 1932, of the Superior Court of Yancey in accordance with the conditions of said bond, judgment was duly rendered in this action against the said defendant and the Dixie Bonding Company in favor of the State of North Carolina for the penal amount of said bond, to wit: One thousand dollars.   Execution duly issued on said judgment has been returned wholly unsatisfied.

On 14 September, 1935, the solicitor for the State filed a petition in this action in which he alleged that the Dixie Bonding Company is a partnership, composed of C. C. Willis and others.   He moved that the said C. C. Willis be made a party to the action, and that judgment be rendered against him personally on the bond executed and filed in this action by the defendant Arthur Thomas as principal and the Dixie Bonding Company as surety.

In response to notice served on him, the respondent C. C. Willis filed an answer to the petition, in which he denied that the Dixie Bonding Company is a partnership.   He alleged that on .... August, 1923, Scott Dillingham, W. F. Rogers, and C. C. Willis, by an instrument in writing, signed by them and duly recorded in the office of the register of deeds of Buncombe County, created a trust under the name and style

of the Dixie Bonding Company; that he is one of the trustees named in said instrument, and that it is expressly provided therein that "neither the trustees nor the *cestuis que trustent* shall ever be personally liable hereunder as partners or otherwise, but that for all debts the trustees shall be liable as such to the extent of the trust fund only."

The court was of opinion that the trust agreement set up in respondent's answer, and offered in evidence by the plaintiff, is a partnership agreement, by which Scott Dillingham, W. F. Rogers, and C. C. Willis are engaged in business as partners, and accordingly ordered and adjudged that the plaintiff recover of the respondent C. C. Willis the sum of one thousand dollars, and the costs of the action.

The respondent excepted to the judgment and appealed to the Supreme Court, assigning error in the judgment.

*Anglin & Randolph for plaintiff.*
*O. K. Bennett for respondent.*

CONNOR, J. The State of North Carolina, having accepted the bond filed in this action by the defendant Arthur Thomas, is bound by its terms.

It is expressly stipulated in the bond that no personal liability is created by its execution as against the trustees named in the declaration of trust by which the Dixie Bonding Company was established, and by which it was authorized to execute civil or criminal bonds. Reference is made in the bond to the declaration of trust, as recorded in the office of the register of deeds of Buncombe County. It is expressly provided in the declaration of trust that "neither the trustees nor the *cestuis que trustent* shall ever be personally liable hereunder, as partners or otherwise, but that for all the debts the trustees shall be liable as such to the extent of the trust, only."

The State of North Carolina, at the time it accepted the bond, as obligee named therein, had notice, both actual and constructive, that the trustees named in the declaration of trust had not assumed personal liability under the bond. For this reason there is error in the judgment that the State of North Carolina recover of the respondent C. C. Willis, personally, the penal amount of the bond. See *Roberts v. Syndicate,* 198 N. C., 381, 151 S. E., 865.

The State claims under the bond. It cannot be heard to challenge its validity in this action. If the bond is void as against public policy, as contended in the argument and brief filed in this appeal on behalf of the State, the State cannot recover on the bond, which in that event is a nullity.

The judgment is
Reversed.