WheeleR, J.
The question presented by the assign meat of errors is, whether tile note introduced in evidence afforded sufficient prima facie evidence of the personal liability of the defendant to have authorized a verdict for the plaintiffs.
It appears from tho consideration expressed in the note that it was given for supplies and materials furnished the vessel. The terms in which it is expressed imply that the goods were contracted for and received by the defendant for the use of tho vessel. It is not, perhaps, to be inferred that the defendant was owner; but from the nature of the contract and the form in which it is expressed, the uai ui-al inference would seem to be that he was master of the vessel and in that character contracted on behalf of the owners.
The master has a general authority to contract for supplies and repairs *51 necessary for the use and employment of the vessel. (Story on Agency, see. 116, 110, 299, n. (1,) 3d ed.; 1 Wash. C. C. R., 226.) To make such contracts appertains to liis official capacity and agency as master. And when a person undertakes otherwise than as owner to contract for supplies, &c., in such form as to hind the vessel and its owners, unless he discloses the character of his agency, or it he shown that he acts in the exercise of an agency other than that of master, the presumption is that he is master and contracts as such. Assuming thus to act and contract, he holds himself out to strangers and third persons with whom he comes to contract as master of the vessel. In so far, at least, as concerns his personal liability upon his contracts they have a right so to regard him, unless it be shown that within the knowledge of those who give him credit he acted in a different capacity. And this upon the familiar principle that where one has assumed to act in any official or professional character, it is evidence against him that he possesses that character. As between himself and those who have trusted him in his assumed character he is even estopped from denying it. Adopting a course of conduct by which the party has induced others to act and to give him credit is an implied admission that he possessed the authority or capacity thus to act; and such admissions are conclusive against the party making them in all cases between him and the persons whom he has induced to act upon them. (1 Greenl. Ev., see. 27, 207, 208.)
The defendant, having contracted in a matter which appertained to the official capacity and agency of master of the vessel, and not having disclosed upon the face of the contract or alleged in his answer the character of his agency, or that he was an agent merely and known as such by the plaintiffs at'the time of making the contract, it is to be taken that his agency and the character in which ho contracted was that of master. As such, that he is personally liable upon his contract is perfectly free from doubt.
•‘There are.” says Story, “some particular agencies in which the presumption of a reciprocal credit between the principal and agent and third persons is generally understood to arise by the usages of trade or by intendment of law.” “The most striking case of this sort is that of a master of a ship contracting within ilie ordinary scope of his powers and duties. In such a case he is, in general, personally responsible as well as the owner upon all contracts made by him for the employment and repairs and supplies of the ship. This is the established rule of our maritime law, and it is said to have been introduced in favor of commerce, so that merchants may not be compelled to seek after the owners to sue them, but that they may have a twofold remedy, against the owners and against the master.” (Story on Agency, sec. 293, 294.)
“The master is always personally bound by his contract, and the person who deals with the captain in a matter relative to the usual employment of the ship, or for repairs or supplies furnished her, has a double remedy. He may sue the master on his own personal contract, and lie may sue the owner on the contract made on his behalf by his agent, the master.” (3 Kent’s Com., 101, 161 ed.; Abbott on Shipping, p. 124; Cowp. R., 636, 639.) The master can only exempt himself from personal liability by expressly confining the credit to the owner or stipulating against his own personal responsibility. (3 Kent’s Com., 161; 9 East’s R., 432; Story on Agency, sec. 296, 297.) Whether a person contracting as master of a vessel had authority to bind the owners or not, his contract will be personally binding upon himself, and in this respect his differs from an ordinary agency. He is personally liable upon his contract, though ho had authority and contracted ostensibly on behalf of his principal; whereas an ordinary agent is not personally responsible upon a contract made by him as agent, for another whom he professes to bind and has the authority to bind as his principal. In the one case both principal and agent arc bound; in tiie other, the principal only is bound by the contract.
If the defendant was a mere agent, acting in the capacity of clerk or otherwise thau as master, and would have avoided personal liability, he *52 should have disclosed the character of his agency; lie should have contracted as agent.
The doctrine on this subject as applicable to agents in general engaged in commercial dealings, drawing, indorsing, and accepting bills, &c., is, that “if, from the nature and terms of the instrument, it clearly appears not only that the party is agent but that he means to bind his principal and to act for him, and not to draw, accept, Or indorse the bill on his own account, that construction -will be adopted, however inartificial may be the language, in furtherance of the actual intention of the instrument. But if the terms of the instrument are not thus explicit, although it may appear that the party is an agent, he will be deemed to have contracted in his personal capacity.” (Story on Agency, sec. 155, 750, 157, 158, 159).) “A person contracting as agent will be personally liable, whether he is known to be an agent or not, in all cases where lie makes the contract in his own name or voluntarily incurs a personal responsibility, express or implied.” (Id., sec. 209.)
Judge Story cites many cases illustrative of this general rule, and states the reason upon which the cases have proceeded to be, “ that from (he form of the transaction the agent has become a direct personal party to the contract.” (Ib.) “If,” he says, “the agent contracts in sucli a form as to make himself personally responsible, he cannot afterwards, whether his principal bo or be not known at the time of the contract, relieve himself from the responsibility-” (Id., sec. 270 to 276.)
Many of the cases cited by Judge Story would go far towards maintaining the personal liability of the defendant upon his contract in this case, even if lie had placed his defense on the ground that he was a mere agent and had shown his authority to bind his principal. However that might be, it seems clear at least that to have exonerated the defendant from personal liability lie must have shown that ho had authority to make the contract on behalf of the owners of the vessel and to bind them. Otherwise, though he contracted as agent, lie is personally liable. If the agent does not give a right of action against his principal, the law holds him personally liable. (Id., sec. 277.) The agent “ must see to it, that his principal is legally bound by his act.” (Ib.)
A party who would excuse himself from personal responsibility on the ground that he acted as the agent of /mother ought to show that lie communicated to the other party his situation as agent, and that he acted in that capacity so as to give a remedy over against his principal. (13 Johns. K., 58; 8 Cow. R., 25; 7 Id., 453.)
An agent when sued on a contract made by himself can only exonerate himself from personal liability by showing his authority to bind those for whom lie has undertaken. (7 Port. R., 454.)
Where the drawer of a note affixed his signature as the agent of another, if in an action against him personally he claims to have had authority to sign ■as he did, he is bound to show such authority existing at the time of the making of the note. (8 Wend. R., 494, 499.)
In in action brought to render an agent personally liable for goods bought by him in (he name of his principal the onus lies on the defendant to prove liis agency, and it does not dispense with this proof that the vendor has charged the goods to the principal, as that is only an admission that the defendant represented himself as agent. (2 Bailey, 163.)
In the present case the defendant not only does not own or offer to show an authority to bind his principal, but does not place his defense on the ground that he made the contract as agent. He rests solely on a general denial and a denial (hat he was master or owner of the vessel. Whether in fact he was such or not is wholly immaterial as respects his personal liability on his contract. Having assumed to act and contract in the character of master, he is responsible in that character, and he is equally bound by his contract so made, whether that was his real or an assumed character. (1 Greenl. Ev., sec. 208.)
If the defendant contracted as master, as from the nature of the con *53 tract it is, we tliinlc, to lie inferred he did, he is, as we have seen, personally liable upon his contract; if he contracted as an agent, it devolved on him to show his authority to make the contract and thereby to bind his principal. It is sufficient for the present disposition of the case that the defendant appears as a direct party to the contract, and that he has shown in his defense no fact to exempt him from personal liability upon it or any authority to bind another so as to give a right of action against that other.
We conclude that the defendant was, prima facie, personally liable on the note sued on, and, consequently, that it was sufficient to authorize a verdict for the plaintiffs.
It was objected to the sufficiency of the petition that it does not contain the direct averment that the contract was to be performed in the county of Galveston, so as to give the court jurisdiction of the person of the defendant in that county.
Had there been a direct averment of the fact it would have removed the occasion for bringing that question to the consideration of this court. We are of opinion, however, that the court rightly held that it does sufficiently appear from the petition that the contract was to be performed in the county of Galveston, and that there was no error in the judgment of the court overruling the exceptions to the petition. But we are of opinion that there was error in. the instruction given to the jury. The judgment is therefore reversed and the cause remanded for further proceedings.
Judgment reversed.