## CULLERS & HENRY VS. MOORE.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Principal and Agent—Burden of Proof—Erroneous Charge.*— Where a party is sued as an individual and he sets up the defence that he was acting as an agent, it was not only incumbent upon him to disclose the fact at the time of making the contract, but he should also have informed who was his principal. To have done less would not have enabled the plaintiff to know to whom to look for the performance of the contract.

Appeal from Grayson county.

Opinion by Winkler, J.

This suit was commenced by the appellants against the appellee on a demand, presented in the form of an account, for $164.50 for damages for failure to deliver a car load of apples as per contract; tried in the justice's court and judgment for the plaintiff. The appellee appealed to the county court, where judgment was rendered in favor of the defendant, the appellee, and from that judgment the appeal is prosecuted.

On the trial in the county court the case seems to have been made to depend upon the question, whether the plaintiff contracted with the defendant, in his own individual capacity, or whether he contracted with him simply as the agent of another. The testimony seems to indicate that the defendant held himself out as the agent of some other person, whose name he did not disclose, while the testimony of the plaintiff was to the effect that he contracted with the defendant in his individual capacity, and not as an agent. The account sued on is against the defendant and not against him as agent, or otherwise than principal. Being thus sued, he sought to defeat the action, on the ground that he was not the principal but the agent of another. In this view of the case, the defense was in the nature of a plea of confession and avoidance. He did not deny the contract, nor disaffirm it, but says he made it for another. His plea rests the burden of proof upon him of establishing the truth of his plea. The defendant testified, on the trial, that he would not disclose the name of his

principal. In this state of the case the court instructed the jury as follows:

2. "But, if you believe, from the testimony, that the defendant was an agent in the transaction, and the plaintiff knew that fact, then you will find for the defendant in this case; unless, the defendant upon demand, refused to disclose the name of his principal.

3. "It is a question of fact for the jury to determine, from all the circumstances of this case, if, the defendant was an agent in the transaction, or if, the plaintiff knew he was an agent."

And, again, the jury were instructed, as follows:

"The burden of proof in this case rests upon the plaintiffs in the action."

On this subject, the plaintiffs requested, and the court refused to give jury the following instruction:

4. "The burden of showing the agency is on the defendant, and it also devolves upon him to show that he informed the plaintiff of his agency at the time of making the contract."

The charge given by the court was, in our opinion, erroneous as with reference to the testimony, whilst that asked by the plaintiffs and refused by the court, announced a correct principle of law. The defendant being sued as an individual and having set up the defense that he was acting as an agent, it was incumbent upon him, that he should have so informed him at the time of making the contract, and not only so, but he should have informed him further who was the principal. To have done less than this would not have ennabled the plaintiffs to know to whom they were to look for the performance of the contract. Sydnor & Bone vs. Hurd, 8 Texas, 98.

Because of error in the instructions given to the jury and in refusing instructions requested by the plaintiffs, the judgment will be reversed and remanded.