BENJAMIN F. SADLER, PLAINTIFF IN ERROR, v. JAMES C. YOUNG, DEFENDANT IN ERROR.

Submitted December 6, 1909—Decided February 28, 1910.

1. An agent who contracts in such form as to make himself personally responsible cannot afterward, whether his principal was or was not known at the time of the making of the contract, relieve himself from that responsibility.
2. A written contract, by the terms of which the party who signs it binds himself to pay to a real estate broker, or agent, a commission for securing a purchaser for lands of which he (the signer) is not the owner, is not affected by the tenth section of the statute of frauds (*Gen. Stat., p.* 1604), and is valid and enforceable against him.
3. *Ryer* v. *Winter*, 48 *Vroom* 441, disapproved.
4. Where there is no error in the judicial action under review the fact that the reason given for it was untenable affords no justification for a reversal.

———

On error to the Supreme Court.

For the plaintiff in error, *Harry Kalisch.*

For the defendant in error, *Herrmann & Steelman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error in this case brings up a judgment of nonsuit entered against the plaintiff at the trial of the case. The following are the material facts which were disclosed by the testimony: On the 8th day of April, 1908, he entered into the following agreement in writing with the defendant: "It is agreed between James C. Young and B. F. Sadler that B. F. Sadler devote his entire time to the sale of property at Port-au-peck and Deal, New Jersey, for which James C. Young agrees to pay B. F. Sadler twenty-five per cent. commission and $100 per week; this agreement to be and remain in effect ten weeks." Signed "B. F. Sadler, James C. Young." The property referred to in the agreement was real estate belonging to the Port-au-peck Realty Company, a corporation of which the defendant was president. Immediately after the making of the agreement, and during the whole of the period covered thereby, the plaintiff devoted himself to the work of procuring purchasers for the property specified in it, and succeeded in selling parcels of the property to fourteen different customers. The present suit was brought to recover commissions upon these sales, and the nonsuit was directed upon the ground that the written contract imposed no personal liability upon the defendant, the court saying to counsel for the plaintiff: "I do not see how you can recover in this suit against this defendant for commissions. I think the suit should have been brought against the owner of the property. I grant a nonsuit upon that ground."

The theory upon which the nonsuit was ordered seems to have been that the fact that the property which was the subject-matter of the contract was owned by the corporation of which the defendant was president, raised a conclusive presumption that the defendant, in signing the contract, acted, not for himself, but as the agent of the corporation, and that,

having so acted, he was not personally bound by its provisions. This theory is altogether untenable. In the first place, it does not follow, as a necessary inference, that because the land was owned by a corporation of which the defendant was president, he was acting as its agent in making the contract with the plaintiff. His official relation to the corporation was no bar to his right to make a personal contract with the plaintiff of the tenor of that sued upon, and it is quite possible that his financial interest in the corporation was of sufficient importance to induce him to do so. In the second place, even if it be assumed that in making the contract he acted as the agent of the corporation, he is not on that ground relieved from personal responsibility. The body of the contract provides that he—not the corporation—shall pay the commission, and it is signed by him personally, and not as the agent or representative of the corporation. Since the decision of *Kean* v. *Davis, Spenc.* 425; *S. C. on error,* 1 *Zab.* 683, the law has been settled in this state that an agent who contracts in such form as to make himself personally responsible cannot afterward, whether his principal was or was not known at the time of the making of the contract, relieve himself from that responsibility.

But it is contended on behalf of the defendant that the nonsuit was properly directed, although the reason upon which the trial court based its action is not tenable, and that contention is rested upon the proposition that the plaintiff's right of recovery against the defendant is barred by the tenth section of the statute of frauds. That section provides that "No broker or real estate agent selling or exchanging land for or on account of the owner, shall be entitled to any commission for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing, and signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority." *Gen. Stat., p.* 1604. In the case of *Ryer* v. *Winter,* 48 *Vroom* 441, our Supreme Court held that this statutory provision was a bar to the right of a broker to recover commissions from a party who signed the contract, but who

was not either the owner or the authorized agent of the owner. This decision is directly in point, and, if it is sound, the judgment under review must be affirmed, for, if there was no error in the judicial action complained of, the fact that the reason given for it was untenable affords no justification for a reversal.

It is to be observed that the language of this statutory provision is not applicable to all sales or exchanges of land brought about through the agency of a real estate broker, but only to those in which the broker acts "for or on account of the owner." When he so acts, then, by the express words of the statute, he is not entitled to a commission on the sale unless his authority to make the sale is in writing, signed by the owner or his authorized agent. But when he brings about a sale or exchange of property, not for or on account of the owner, but at the request of a third person, who agrees to compensate him for his services out of his (the third person's) own pocket, there is nothing expressed in the act which disentitles him to compensation. The statute, as we read it, has two, and only two, purposes: *First,* to protect the owners of lands against fraudulent claims for commissions of real estate agents or brokers, and to relieve such owners from liability, unless that liability is evidenced by their own signatures or those of their duly-authorized agents; *second,* to discourage real estate agents or brokers from making contracts for the sale of lands which shall be binding upon the owners thereof, unless authority to make such contracts is conferred by the owners in writing, under their hands, or the hands of their authorized agents. But neither of these purposes is at all interfered with by a contract made by a broker with a person not the owner of land, by the terms of which the broker agrees to devote his efforts to obtaining a purchaser for the land, and the other party to the contract agrees to pay him compensation in the shape of a commission on the sale if it is brought about. And for this reason: If the broker secures a purchaser for the property no obligation is thereby imposed upon its owner to part with it. He may accept the purchaser or not, as he sees fit, and if he does accept him,

and makes a conveyance to him, he does not, by doing so, incur any obligation to compensate the broker for procuring the purchaser. The construction put upon the statute in Ryer *v.* Winter results in the iniquity of permitting a party to a written contract, signed by himself, and which violates no principle of law or morals, to accept performance by the party of the other part, with all the advantage accruing to him from such performance, and then to repudiate any obligation to perform on his part. It engrafts upon the statute a provision not expressed in it, and not required for the purpose of giving effect to the objects which the statute was intended to accomplish. Such a construction seems to us clearly erroneous. We therefore decline to adopt it, and hold that a written contract, by the terms of which the party who signs it binds himself to pay a commission to a real estate broker or agent for procuring a purchaser for lands of which he (the signer) is not the owner, is not affected by the tenth section of the statute of frauds, and is valid and enforceable against him.

The contract sued upon being one for the performance of which the defendant is, by its terms, personally responsible, and the statute of frauds being no bar to the plaintiff's right of recovery under it, the judgment under review must be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 16.