## MONTGOMERY et al. v. TURNER et al.
(No. 9596.)

(Court of Civil Appeals of Texas. Fort Worth. April 9, 1921. Rehearing Denied May 14, 1921.)

1. Pleading ⬳111—On plea of privilege, jurisdictional allegations of petition considered as made in good faith.

In suit for the partition of realty, where defendants' plea of privilege contained no allegation that the real and only purpose of plaintiffs was to recover title to land situated in the county of defendants' residence, or that the allegation on which partition of personal property was sought was made for the fraudulent purpose of conferring jurisdiction on the district court of the other county in which suit was brought, the jurisdictional allegations contained in the petition must be considered as having been made in good faith.

2. Pleading ⬳111—On hearing of plea of privilege, petition admissible to show character of suit.

In suit for partition of realty, on determination of plea of privilege in statutory form, there was no error in admitting the petition in evidence to show the character of the suit instituted; that being the only proper method of making such proof.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by M. L. Turner and others against Emma P. Montgomery and others. From an order overruling their plea of privilege, defendants appeal. Affirmed.

Templeton & Milam, of Fort Worth, and J. W. McDavid, of Henderson, for appellants.

Ike A. Wynn, of Fort Worth, for appellees.

DUNKLIN, J. This appeal is by Mrs. Emma Montgomery and J. O. Montgomery,

who reside in Rusk county, from an order of the trial court overruling their plea of privilege to be sued in that county. The suit was instituted by Mrs. M. L. Turner and others against the two Montgomerys named, who were alleged to reside in Rusk county, and against P. A. Collins, who was alleged to reside in Tarrant county, and H. J. Collins, whose residence was alleged in plaintiffs' petition to be in El Paso county. The suit was for a partition of property belonging to the estate of A. B. Collins, deceased, the property consisting of 182 acres of land situated in Rusk county, and personal property of the value of $10,000, all of which property was alleged to belong to A. B. Collins, deceased at the time of his death, and it was further alleged that the land was the homestead of the decedent at the time of his death.

The plea of privilege was in statutory form. It alleged that the two Montgomerys resided in Rusk county, and that—

"none of the exceptions to exclusive venue, in the county of one's residence mentioned in articles 1830 and 2308 of the Revised Statutes of this state exist in this cause, and that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained, rendering them or either of them suable in Tarrant county, Tex., or elsewhere outside of Rusk county, Tex., their place of domicile and residence."

In reply to that plea, the plaintiffs filed a controverting plea, duly verified, alleging that the suit instituted by them, as appears from their petition, was a suit for partition, and that one of the defendants, to wit, P. A. Collins, resides in Tarrant county, Tex., and did so reside there when the suit was filed, and has continued to reside in Tarrant county until the present time.

Upon the hearing of the plea of privilege, plaintiffs introduced their petition, which showed on its face as a conclusion of law that it was a suit for partition. Plaintiffs also introduced proof that one of the defendants, P. A. Collins, resided in Tarrant county at the time the suit was filed, and has continued to reside in that county ever since, and that evidence was uncontradicted. By article 1830, V. S. Tex. Civ. Stats., it is provided:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit:"

Then follow some 30 subdivisions of that article of the statutes by way of exceptions to that general provision, and subdivision 13 of the article, as amended by Acts 36th Leg. c. 93, which became effective March 20, 1919, reads as follows:

"Suits for the partition of lands or other property may be brought in the county where such lands or other property or a part thereof, may be, or in the county in which one or more of the defendants reside, and any such suit for partition of lands or any other property may be brought and prosecuted in the county of the residence of any one or more of the defendants, notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner thereof, or seek to recover the title to the same, provided that nothing herein shall be construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie, but whenever on the trial of the case, the cotenancy of the parties or any of them is established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land."

[1] The plea of privilege contained no allegation to the effect that the real and only purpose of plaintiffs was to recover title to land situated in Rusk county, and that the allegations upon which partition of the personal property was sought were made for the fraudulent purpose of conferring jurisdiction upon the district court of Tarrant county. Hence the jurisdictional allegations contained in plaintiffs' petition must be considered as having been made in good faith.

[2] We fail to perceive how there could be any error in admitting the petition in evidence to show the character of the suit instituted, since that was the only proper method of making such proof. That proof, in connection with the uncontroverted testimony that P. A. Collins was a resident citizen of Tarrant county when the suit was instituted, clearly brought the case within subdivision 13 of article 1830 of the Statutes, as amended.

For the reasons stated, the judgment of the trial court is affirmed.