**DIACOMIS v. WRIGHT et al.** (No. 10435.)

Court of Civil Appeals of Texas. Dallas. July 12, 1929.

Rehearing Denied Sept. 28, 1929.

Craig & Van Slyck, of Dallas, for appellant.

Eckford & McMahon, of Dallas, for appellees.

LOONEY, J. Plaintiff's petition went out below on general demurrers. He sued to recover damages from G. G. Wright, principal, and, in the alternative, from J. S. Wright, agent, for the breach of a lease contract. The petition alleged that the contract was made in the name of the agent, as follows:

"Dallas, Texas

"Lease on sandwich shop located at 315 South Akard Street, by and between J. S. Wright and Tom Disconis (correct name is Diacomis), for a term of one year beginning on the first day of January, 1927, and ending on the first day of January, 1928, for a monthly rental of $100.00 per month, $300.00 already paid to J. S. Wright by Tom Disconis (Diacomis) for the first three months rental as an expression of good faith that this lease will be carried out.

"[Signed] J. S. Wright.

"October 11th, 1926."

Plaintiff also alleged that if, in fact, J. S. Wright was not authorized as agent to execute the contract, plaintiff believed he was so authorized, that he represented himself to be the authorized agent of the owner of the property, and other allegations were made which, if true, would estop G. G. Wright from denying the agency.

The further allegation was made that, if it should appear that J. S. Wright was not in fact authorized to make the lease contract, and that G. G. Wright was not estopped to deny said agency, that nevertheless plaintiff made the contract with J. S. Wright and paid him $300 rent for the first three months, believing and relying upon his representations to the effect that he was fully authorized; that defendants knew plaintiff intended to operate a lunch stand and restaurant on the leased premises and, if permitted to occupy same, could and would have realized $400 per month net profit during the year covered by the lease, but was deprived of this privilege by the breach of the contract. He prayed judgment against G. G. Wright for the $300 cash paid, and for damages resulting from the breach of the contract, and, in the alternative, for judgment against J. S. Wright, the agent.

We are not called upon to pass upon any question, except the sufficiency of the petition as against the general demurrer.

The contention of plaintiff is that G. G. Wright, owner of the leased premises, is liable for the breach, under the rule of law applicable where the principal is undisclosed.

The rule is well settled in this state that, where the relation of principal and agent exists, contracts of the agent within the scope of his agency, made in his own name for the benefit of an undisclosed principal, render each liable, and at the election of the other party, either, but not both, may be sued for a breach. See Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764; Pittsburg, etc., Co. v. Roquemore (Tex. Civ. App.) 88 S. W. 449; McGregor v. Hudson (Tex. Civ. App.) 30 S. W. 489; Friedlander & Co. v. Cornell, 45 Tex. 585; Fort Terrett, etc., Co. v. Bell (Tex. Civ. App.) 275 S. W. 81; Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; Kempner v. Dillard, 100 Tex. 505, 101 S. W. 437, 123 Am. St. Rep. 822.

But another rule is applicable where, as in this case, the principal was disclosed at the time the contract was accepted; that is, it will be presumed that the other party elected to look alone to the responsibility of the agent for performance.

In Heffron v. Pollard, 73 Tex. 100, 11 S. W. 165, 166, 15 Am. St. Rep. 764, Judge Gaines used this language: "If, however, the principal be disclosed, and the face of the writing shows that the agent is bound, it is presumed that the other party has elected in the contract itself to look to the agent, and the principal is not liable upon it." Also see Sydnor v. Hurd, 8 Tex. 98–104; Sadler v. Young, 78 N. J. Law, 594, 75 A. 890, 21 R. C. L. 895, § 70.

Therefore, if J. S. Wright was in fact authorized to make the contract for the benefit of G. G. Wright, or what is equivalent to such authority, that G. G. Wright was estopped by reason of the facts to deny the agency, the presumption will be indulged, plaintiff having accepted the contract of J. S. Wright, that he elected to look alone to him for performance.

If, however, J. S. Wright was not in fact the authorized agent of G. G. Wright, but represented himself to be such, and thereby induced plaintiff to take the lease and make the advance payment of $300, he became personally liable to plaintiff for all loss sustained, as a natural and probable consequence of the failure of plaintiff to secure a valid contract, and in such event the recovery would not, necessarily, be limited to the terms of the contract, but may include all injuries resulting from the wrongful assumption of authority. Baker v. Wasson, 53 Tex. 150–157; Poole v. H. & T. C. Rwy. Co., 58 Tex. 134–137; 2 C. J. 811, § 485, p. 828, § 501; Meachem on Agency (2d Ed.) § 1362; Am. Eng. Enc. of Law (2d) p. 1124.

Accordingly, we hold that the trial court did not err in sustaining the general demurrer and in dismissing the suit as to G. G. Wright, but did err in sustaining the demurrer and in dismissing the suit as to J. S. Wright; therefore the case is affirmed as to G. G. Wright and reversed and remanded for trial as to J. S. Wright.

Affirmed in part, and reversed and remanded in part.