## MILLER et al. v. VALLEY BUILDING & LOAN ASS'N.

### No. 8479.

Court of Civil Appeals of Texas. San Antonio.

June 4, 1930.

Rehearing Denied June 25, 1930.

866

R. M. Bounds, of McAllen, and James G. Donovan, of Houston, for appellants.

J. G. Grissom, of Donna, and Neal A. Brown, of Edinburg, for appellee.

COBBS, J.

Appellee filed this suit against appellants in the district court of Hidalgo county for the appointment of a receiver to take possession of and administer upon the certain alleged estate of Paul D. Miller, who died and was buried in Houston, Tex. On the day of his burial, and while his wife, Mrs. Doris Miller, appellant, was attending to his burial in Houston, appellee filed this suit, and without 'any notice to Mrs. Miller secured the appointment of a receiver and took possession of all the property of said Paul D. Miller's estate. Appellant filed application and was by the probate court of Hidalgo county appointed temporary administrator for said estate, and made demand upon said receiver for the possession of said estate, which was denied her, and from which order denying to her the possession thereof this appeal is taken.

This is a simple case of jurisdiction of estates. See articles 3290, 3314, 3426, 3429, R. S.; and article 5, §§ 8 and 16, Constitution.

Such jurisdiction is vested exclusively in the probate court. The administration of all probate matters of estates is vested exclusively in the probate courts. The district courts have only appellate jurisdiction of estates. These jurisdictions are separately defined and clearly kept in mind by our Constitution, statutes, and well-considered decisions, such as Becknal v. Becknal (Tex. Civ. App.) 296 S. W. 917; Buchner v. Wait (Tex. Civ. App.) 137 S. W. 383; Kennedy v. Pearson (Tex. Civ. App.) 109 S. W. 280; Maxwell Heirs v. Bolding (Tex. Civ. App.) 11 S.W.(2d) 814; Meyer v. Meyer (Tex. Civ. App.) 223 S. W. 259; McCanless et al. v. Clough et al. (Tex. Civ. App.) 298 S. W. 643.

There is no allegation tending to show that the probate court was acting or would act in bad faith, or that it was lacking in force and power to bring to itself for administration all the properties of the estate, to hold it, and finally determine its ultimate disposal. In such a case as the administration of an estate there is but one court having final and ultimate jurisdiction, and that is the probate court, and not the district court. The custody and control of the estate of Paul D. Miller, deceased, was in the exclusive jurisdiction and control of the probate court, and the proceeding and receivership in the district court encroaches upon and interferes with that jurisdiction and the possession of the estate by the appointed administrator. The appellee has an adequate remedy at law in the probate court.

The Constitution and the statutes make the jurisdiction of the probate court, and, as construed by our appellate courts, it has original, final, and exclusive jurisdiction.

In this case the probate court issued an order commanding the administratrix to take possession of all the properties of the estate of Paul D. Miller, deceased, and the district court of Hidalgo county commanded its receiver to take charge of the same property, so that now we have a conflict of orders under two separate jurisdictions, which ought not to be under our law.

The Constitution, article 5, § 16, provides that "the county court shall have the general jurisdiction of a probate court; they shall probate wills * * * grant letters testamentary and of administration * * * transact all business appertaining to deceased persons. * * *"

In article 5, § 8, of the Constitution, we find that "the district court shall have appellate jurisdiction and general control in probate matters over the county court established in each county * * * for the transaction of all business appertaining to estates. * * *"

It will readily be seen that article 5, § 16, of the Constitution gives the probate court original, exclusive jurisdiction of matters appertaining to the estate of deceased persons, and that article 5, § 8, of the Constitution gives the district court appellate jurisdiction in these matters, and thus, by implication, excludes the district court from the jurisdiction.

As held in the foregoing authorities, the jurisdiction of the county court in the administration of estates is exclusive.

We think the district court erred in appointing a receiver in this case to take possession of the property of the estate; therefore the judgment of that court is reversed at the cost of the receiver, and he is ordered

to deliver to the administratrix, for further administration, all the properties of said estate that have come into his possession.

Reversed and rendered, with instructions.