DIACOMIS v. WRIGHT et al.

No. 1403—5589.

Commission of Appeals of Texas, Section A. Feb. 4, 1931.

Craig & Van Slyck, of Dallas, for plaintiff in error.

Eckford & McMahon, of Dallas, for defendants in error.

HARVEY, J.

This is a suit brought by the plaintiff in error, Tommy Diacomis, to recover damages from G. G. Wright, and, in the alternative, from J. S. Wright, for the breach of a lease contract. Each of the defendants interposed a general exception to the plaintiff's petition, which being sustained by the trial court, the cause was dismissed.

Diacomis appealed, and the Court of Civil Appeals affirmed the judgment of the trial court with respect to G. G. Wright, but reversed and remanded the case as to J. S. Wright. 20 S.W.(2d) 139. Complaining of

the judgment of the Court of Civil Appeals in favor of G. G. Wright, Diacomis applied for the writ of error, which was granted. The only question before us goes to the sufficiency of the plaintiff's petition as against G. G. Wright.

The allegations of the petition so far as material here are as follows:

"For cause of action herein plaintiff would show ; ' that heretofore to-wit on the 11th day of October, 1926, defendant Gilbert G. Wright, acting by and through his lawfully authorized agent and representative J. S. Wright, made, executed and delivered to plaintiff the following lease-contract in terms substantially as follows, viz.:

" 'Dallas, Texas. Lease on Sandwich Shop located at 315 South Akard St., by and between J. S. Wright and Tom Disconis for term of one year beginning on the first day of January, 1927, and ending on the first day of January, 1928, for a monthly rental of $100.-00 per month, $300.00 already paid to J. S. Wright by Tom Diaconis for the first three months rental as an expression of good faith that this lease will be carried out.'

" '[Signed]   J. S. Wright.
" 'October 11th, 1926.'

"That while said contract purports to be executed to 'Tom Disconis', as stated lessee, Plaintiff's name is in Tom Diacomis, but that plaintiff is the same person to whom said lease was executed the name 'Disconis' being inadvertently misspelled and made as 'Disconis' instead of 'Diacomis', plaintiff's real and correct name.   Plaintiff would further state ; that while the said lease-contract is executed in the name of J. S. Wright and signed by him alone, nevertheless plaintiff says that Gilbert G. Wright was and is in fact the owner of said leased premises, and in executing the same the said J. S. Wright was acting for and on behalf of the said Gilbert G. Wright, with full authority to act for and on behalf of said Gilbert G. Wright in the matter of said lease so executed ; * * * that J. S. Wright is the son of Gilbert G. Wright and had been in charge of and in actual control of the premises leased to plaintiff with full knowledge and consent of his said father Gilbert G. Wright, for several years prior to the execution of this lease contract, and had made many leases of this property previous to 'the execution of the present lease, having signed such leases in his own name' with the knowledge and consent of his said father.

"That by and according to the terms of said lease-contract the said Gilbert G. Wright, . acting by and through his said authorized agent and representative J. S. Wright, undertook, bound and obligated himself to plaintiff that he would deliver over to plaintiff the quiet and peaceable possession of the prem-ises mentioned in said lease agreement on the 1st day of January, 1927, and would permit plaintiff to have and to occupy and hold the same from said date until the 1st day of January, 1928, the stated term of said lease, upon the payment by plaintiff of the stipulated rental therefor of $100.00 per month during the life of said lease."

The petition contains further allegations as to the breach of the lease contract and the resulting damages. In the alternative, a cause of action against J. S. Wright is alleged.

■■ It is contended that, since the instrument set out in the petition does not show on its face that G. G. Wright is a party to the lease contract, he is not bound by it. The allegations of the petition, however, are sufficient, as against a general exception, to present the issue of his being a party to the contract. It appears from such allegations, and their intendments, that J. S. Wright was authorized to execute the instrument in his own name, for G. G. Wright. There can be no doubt that if, upon the trial of the case, these allegations be proved by competent evidence, a contract binding G. G. Wright would be shown. For a contract which is shown by competent evidence to have been made by a principal through an agent, and in the latter's name, binds the principal. Garcia v. Yzaguirre (Tex. Com. App.) 213 S. W. 236; Texas Land & Cattle Co. v. Carroll & Iler, 63 Tex. 48; Traynham v. Jackson, 15 Tex. 170, 65 Am. Dec. 152. The case, as it appears before us, does not call for an inquiry as to what character of evidence is competent to support the averments of the petition in this regard. It will be time enough, when the question arises, to consider whether or not the fact that J. S. Wright, with due authority, executed the lease contract in his own name for G. G. Wright, may be shown by parol testimony.

The trial court erred in sustaining the general exception urged against the plaintiff's petition by G. G. Wright. We therefore recommend that the judgment of the trial court sustaining said general exception, and the judgment of the Court of Civil Appeals affirming same, be reversed, and the cause remanded ; and that the judgment of reversal entered by the Court of Civil Appeals against J. S. Wright be left undisturbed.

CURETON, C. J.

Judgment of the Court of Civil Appeals in part affirmed and in part reversed, and the cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.