**SIMS et al. v. CALLIHAN et al.***
No. 785.

Court of Civil Appeals of Texas. Eastland.
Feb. 13, 1931.

Rehearing Denied June 5, 1931.

R. V. Armstrong and F. L. Henderson, both of Bryan, for appellants.

Scarborough, Ely & King, of Abilene, for appellees.

FUNDERBURK, J.

George Callihan and John J. Russell sued B. U. Sims, Milton Sims, Sam Cavitt, Roy Nunn, and W. H. Lawrence, residents of Brazos county, in the district court of Callahan county to recover judgment upon a written contract for debt and for foreclosure of a statutory lien on an oil and gas lease upon land situated in Callahan county: The contract, dated November 20, 1928, was signed by Joseph B. Weigel, as party of the first part, and John J. Russell and George Callihan, as parties of the second part, and purported to obligate the latter to drill a well to a specified depth upon a 100-acre tract of land upon which the former was recited to be the owner of an oil and gas lease. The well was to be drilled to a specified depth, the consideration for which was an assignment by Weigel to Callihan and Russell of a one-half interest in the lease, with provision that, if the well was dry, Weigel was to pay said contractors $2,500 as "dry hole money." Provision was made for drilling the well deeper than the specified depth, if subsequently agreed to, in which case the extra expense was to be borne equally by the parties.

It was alleged that the contract was made with plaintiffs by the defendants, acting through said Weigel as their agent; that the well was drilled and was dry, in consequence of which said sum of $2,500 was claimed, together with a small additional amount representing the proportionate part due by the defendants upon the expense of drilling an 'extra depth. It was also alleged that a lien had been duly filed, a foreclosure of which upon the oil and gas lease was prayed for.

The defendants filed a plea of privilege, and plaintiffs filed a controverting plea. The case was then by agreement transferred .to Shackelford county, without mention of the

*For opinion denying rehearing, see 40 S.W.(2d) 869.

154

plea of privilege. Thereafter by agreement it was retransferred to Taylor county, with the express stipulation that it was to be without prejudice to the plea of privilege. In the district court of the latter county the plea of privilege was tried with the main case and overruled. During the trial plaintiffs filed a trial amendment, asserting that the defendants and said Weigel were partners in drilling the well in question. Upon the merits judgment was for plaintiffs against B. U. Sims, Sam Cavitt, and Roy Nunn for the sum of $2,500; no recovery being awarded against the other defendants. From said judgment the first named defendants have appealed.

Appellants contend in the first place that the evidence was insufficient to support the judgment overruling the plea of privilege. Appellees contend that the transfer of the case from Callahan county to Shackelford county by agreement, without express stipulation that such action was to be without prejudice to said plea, constitutes a waiver of same.

We have concluded that no waiver was shown. The plea of privilege and the controverting plea were pending at the time the agreement for a transfer was made. The agreement on the part of the defendants was not inconsistent with a purpose further to insist upon that plea. The agreement simply evidenced their consent that the district court of Shackelford county, instead of the district court of Callahan county, should hear first the plea of privilege, and, if overruled, then the case on its merits. It is only when a defendant who has filed a plea of privilege invokes some affirmative action of the court inconsistent with a purpose to insist upon the plea that an implied waiver is shown. Besides, an implied waiver, such as this must be if it exists at all in this case, is rebutted by the stipulation that the retransfer to Taylor county was to be without prejudice. That agreement shows that it was in the minds of the parties that, at that time, the plea had not been waived.

A proper consideration of appellants' contention that the evidence was insufficient to justify the order overruling the plea of privilege must take into account a legal principle that does not appear to be stressed in the briefs. In Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 478, 66 Am. St. Rep. 913, the Supreme Court says: "It has long been settled to be a general rule of law that if A. contracts with B. *supposing him to be acting in his own behalf* [italics ours], but afterwards discovers that he was acting for C., A. can thereupon elect to hold C. upon the contract. The rule is held applicable to written contracts, and, by a process of reasoning not entirely satisfactory, even to those required by statute to be in writing." As to this rule the court further says: "The exceptions to the rule, however, are so numerous, broad, and well defined, and rest upon principles of such a fundamental character, that the careful student of the law is driven to the conclusion that they are more important than the rule itself, and that the statement of the rule in such broad language has produced much confusion of thought, and greatly embarrassed, and probably has often misled, the courts in their efforts to apply correct legal principles to particular cases." The court then proceeds to name a number of exceptions, one being "it cannot be applied where exclusive credit is given to the agent." In the late case of Diacomis v. Wright (Tex. Civ. App.) 20 S.W.(2d) 139, 140, Mr. Justice Looney, after restating the above general rule, further said: "But another rule is applicable where, as in this case, the principal was disclosed at the time the contract was accepted; that is, it will be presumed that the other party elected to look alone to the responsibility of the agent for performance."

In Heffron v. Pollard, 73 Tex. 100, 11 S. W. 165, 166, 15 Am. St. Rep. 764, the Supreme Court, speaking through Judge Gaines, stated this exception to the rule as follows: "If, however, the principal be disclosed, and the face of the writing shows that the agent is bound, it is presumed that the other party has elected in the contract itself to look to the agent, and the principal is not liable upon it." See, also, Sydnor v. Hurd, 8 Tex. 98; Dominion Oil Co. v. Pou (Tex. Civ. App.) 253 S. W. 317; Waggoner v. Magnolia Petroleum Co. (Tex. Civ. App.) 252 S. W. 865.

The evidence of the plaintiffs themselves in this case shows that, at the time the contract was made, it was known to them that Weigel had associates. Callihan testified that Weigel was "not alone in this venture, he had associates"; that "he said he had a bunch of associates with him." Russell testified with more or less repetition that he knew "that Mr. Sims or these other gentlemen from Bryan were associates of Mr. Weigel's;" that, "when we discussed the terms of this contract, Mr. Weigel told me he was drilling this well for himself and associates. Yes, he did name the gentlemen interested with him, named Dr. Sims, Dr. Lawrence, Sam Cavitt and Roy Nunn; he did state that they were the other parties interested besides himself." And further, "when it came to the signing of the contract he signed it 'Joseph B. Weigel.' He taken the contract and said he had conferred with his associates. I did not ask him at the time why he did not put his associates' names into it. I made the contract with him and I didn't say anything about his associates' names, only this: I asked why he signed it himself and he said he was assigning this other half of the lease to these associates", etc. * * * "Yes, I was relying on Mr. Weigel. He did not sign as agent or trustee. You ask, 'When you made

this contract, as a matter of fact, you were relying on Mr. Weigel', to which I will say, I suppose so."

The conclusion is inescapable that plaintiffs' own testimony showed no right 'of recovery against any of the defendants upon the contract sued on. The controverting plea alleged no facts to show that any claim was made against the defendants other than the one upon the contract. The undisputed evidence therefore showed that the defendants were not liable on the cause of action asserted against them, and as to which they claim their privilege.

Venue was sought to be held in Callahan county under the provision of R. S. 1925, art. 1995, subd. 12, which provides an exception to the general rule in the case of "a suit for the foreclosure of a mortgage or other lien," as to which it is provided that suit may "be brought in the county where' the property or any part thereof subject to such lien is situated." Plaintiffs' suit was in 'part one to foreclose an alleged lien upon an interest in land situated in Callahan county. There was evidence perhaps to show that much. But it was necessary to show that the land was subject to the lien claimed. The burden of proof was upon the plaintiffs, we think, to offer evidence of sufficient facts to support that conclusion. There were no such facts in evidence. The facts conclusively established that none of the defendants were liable upon the contract. The only debt claimed in the suit being claimed against the defendants only, it naturally follows that, there being no debt, there was no lien. There being no lien, it of course follows that there were no facts to show that the property upon which a foreclosure was sought was subject to the lien alleged.

The fact that by trial amendment liability of the defendants was asserted as partners with Weigel is wholly immaterial in passing upon the plea of privilege. The action of the court on the plea of privilege must be tested with reference to the allegations in the controverting plea which in turn must be referable to and included within the allegations of the plaintiffs' petition at the time the controverting affidavit was filed. Austin v. Grissom-Robertson Stores (Tex. Civ. App.) 32 S.W.(2d) 205; Gholson v. Thompson (Tex. Civ. App.) 298 S. W. 318; Witting v. Towns (Tex. Civ. App.) 265 S. W. 410.

It is therefore our opinion that the court erred in overruling the plea of privilege, for which reason the judgment of the trial court should be reversed, with instructions that the case be transferred to the district court of Brazos county, and it is accordingly so ordered.

On Rehearing.

In holding as we did in the original opinion that the evidence was insufficient to sustain the order of the court overruling the pleas 'of privilege, we based the decision in part upon the view that the act of Weigel and the plaintiffs in consummating the contract in the name of Weigel only as one of the parties, with knowledge on the part of plaintiffs that he claimed to have associates interested with him in the subject-matter of the contract, raised a presumption from the contract itself that Weigel only was intended to be bound. We were of opinion then, and still are, that that view was justified by the holding of the Supreme Court in Heffron v. Pollard, 73 Tex. 100, 11 S. W. 165, 15 Am. St. Rep. 764, and of the Court of Civil Appeals at Dallas in the late case of Diacomis v. Wright, 20 S.W.(2d) 139. Appellees, in their motion for rehearing, contend that those cases declared only a rule of evidence as distinguished from a rule of substantive law, but, if we understand what is meant by that, we cannot assent to that proposition. In fact, our only purpose in quoting from Sanger v. Warren, 91 Tex. 473, 44 S. W. 477, 478, 66 Am. St. Rep. 913, was to show the contrary. In that case the Supreme Court quoted from Higgins v. Senior, 8 M. & W. 844, to show the general rule, as follows: "There is no doubt that, where such an agreement is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand to, and charge with liability on the other, the unnamed principals; and ·this, whether the agreement be or *be not* required to be in writing by the statute of frauds; *and this evidence in no way contradicts the written agreement.*" (Italics ours.)

Here is plain recognition of the fact that the general rule, as thus stated, had nothing to do with the rule of evidence that a written instrument may not be contradicted or varied by parol evidence. If true of the general rule, it would likewise be true, so far as we can see, of the several recognized exceptions, one of which being that declared in Heffron v, Pollard, supra, and Diacomis v. Wright, supra. At the time of our decision, the opinion of the Commission of Appeals in Diacomis v. Wright, 34 S.W.(2d) 806, had not been published. That opinion overruled the decision of the Court of Civil Appeals and held that a pleading seeking to charge a defendant with liability on a contract made by a third person, and so far as the contract was concerned, purporting to be the contract of such third person, but alleged to have been made by him as the duly authorized agent of the defendant, stated a cause of action against the defendant upon the contract. If so, it follows that proof of such facts would support a recovery. We cannot escape the conclusion that the opinion is directly contrary to that in Heffron v. Pollard, and must be regarded as expressing the view of the Supreme Court

that the exception declared in that case and by the Court of Civil Appeals in Diacomis v. Wright is no longer to be recognized. It follows, therefore, that, unless independently of that ground for our decision, there was no evidence to support the order overruling the plea of privilege, the motion for rehearing should be granted.

We construe appellants' first proposition to embody the contention that, of the issues joined by the plea of privilege and plaintiffs' controverting plea, one was an issue of fact as to whether Weigel made the contract sued on as the agent of the defendants, upon which issue there was no evidence and upon which fact of agency depended the ultimate question of whether the suit was maintainable in Callahan County under R. S. 1925, art. 1995, subd. 12. This presents an oft-recurring question which is one of the most difficult with which we have to deal; namely, what facts must be proved and how must such proof be made to sustain the venue of a suit under some particular exception to the general rule of venue.

We understand appellees' position to be that, upon the venue issue, they had the burden of pleading and proving only (1) that the suit was one to foreclose a lien on land; (2) that the land was situated in Callahan county. Under this view quite logically plaintiffs' petition was sufficient proof of the nature of the case, and the only material fact to be established by other evidence was whether the land was situated in Callahan county. If this were correct, then it would follow that questions such as whether the defendants were partners, whether Weigel was their agent, and whether he was authorized to make the particular contract for the defendants, would all be pertinent alone to a trial of the issues on the merits of the case, but wholly immaterial on the question of venue. There are many decisions which appear to lend support to this contention. It has often been held that under the venue statute the nature of a suit is determinable alone from the allegations of the petition. Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114; Texas Farm Mortg. Co. v. Starkey (Tex. Civ. App.) 25 S.W.(2d) 229; Sims v. Trinity Farm Const. Co. (Tex. Civ. App.) 28 S.W.(2d) 856; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Montgomery v. Turner (Tex. Civ. App.) 233 S. W. 543; Miller v. Valley B. & L. Ass'n (Tex. Civ. App.) 29 S.W.(2d) 865; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, 864.

In the last-named case we had occasion to say: "An examination of the several exceptions to the general rule of venue will disclose that some of the exceptions are based upon the fact of the nature of the action, together with one or two other simple facts that are ordinarily easy of proof. For example, where the nature of the suit is one for the recovery of land (subdivision 14), or 'for divorce' (subdivision 16), or 'against a county' (subdivision 19), etc. In all such cases, where the exception is based in part upon the nature of the action, the plaintiff's petition is the best and all-sufficient evidence of the nature of the action."

In Higginbotham-Bailey-Logan Co. v. Hancock (Tex. Civ. App.) 4 S.W.(2d) 583, 584, which upon rehearing was disposed of on an entirely different ground, by reason of which our original opinion was not indicated in the syllabus, we expressed the view with reference to exception 14 that: "In cases of trespass to try title or suits to remove incumbrance upon the title to land, there can be but two questions put in issue on a plea of privilege; namely, the nature of plaintiff's cause of action and the location of the land. The best evidence of the nature of the cause of action in a suit of that character is the pleading itself. What more proof should plaintiff be required to make in order to maintain venue than that his action is clearly one of trespass to try title, or to remove an incumbrance, and that the land is situated in the county where suit is filed? Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required."

We find it necessary now to consider whether the principles discussed in the last-named opinions of this court as above quoted apply to the case under consideration, involving as it does the exception provided in R. S. 1995, subd. 12. This exception reads: "*Lien.* —A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

If, in a suit in trespass to try title to land, it is only necessary to prove the nature of the suit by the plaintiff's petition and by other evidence that the land is situated in the county where suit is brought, it is difficult to see that in a suit to foreclose a lien on land it would be necessary to do more. We were at first of the opinion that this case was distinguishable from those involving subdivisions 14, 16, and 19, as recognized in the foregoing excerpts, in that plaintiffs were required to plead and prove the facts to show that the property was subject to the lien claimed, by reason of the peculiar wording of this subdivision. It was our view that the fact that the property was subject to the lien could not be shown by allegations to that effect, but that the facts making it such were necessary to be alleged in the controverting plea and established by evidence. We were further of opinion that the land could not be shown to be subject to

the lien, in the absence of proof that Weigel was the agent of defendants in making the contract. But, after further careful study, we are doubtful if the case is properly distinguishable upon any such basis.

We have therefore made a careful re-examination of the whole question to discover, if possible, some controlling principle that may serve to harmonize, or, at least, to explain, the many apparently conflicting opinions dealing with the various exceptions to the general rule of venue. Must it be said, as we concluded and so indicated in Oakland Motor Car Co. v. Jones, supra, that one law involving one principle is applicable to certain of the exceptions, and an entirely different law, involving a different principle, controls cases coming within other exceptions? Conceding the difficulty of perceiving any distinction between a suit in trespass to try title and a suit to foreclose a lien on land, it is equally as difficult to appreciate any logical distinction between either of said cases and the one provided for in subdivision 4, which likewise is an exception based upon the nature of the suit. In the latter case, why should plaintiff be required to do more than to exhibit his pleading to show that the suit is one against more than one defendant, and then prove that one defendant resides in the county of the suit? Whatever the reason, nothing is better settled than that in such a case "plaintiff must both allege and prove the facts showing a bona fide cause of action against the resident defendant, which is of such nature as that an out-county defendant claiming his privilege to be sued elsewhere, is properly joined in the same suit." Oakland Motor Car Co. v. Jones, supra, and authorities there cited. What principle governs the distinction made? In the Oakland Motor Car Company Case we accounted for the difference on the ground that to apply the same rule to cases within exception 4 would "render the right of a defendant to be sued in the county of his residence too easily liable to be denied to him by the simple allegations of his adversary, never perhaps intended to be proved." But the inquiry is suggested, whether the same thing is not just as true of the case presented by this record as in one in which venue is dependent upon subdivision 4. Two causes of action are alleged which, although they may properly be joined, could be maintained separately. One involves defendant's liability on the contract which, on its face, was the contract of plaintiffs and a stranger to the suit; the other involves the existence of a statutory lien upon land in Callahan county and the right to have same foreclosed. The right to litigate the question of defendants' liability on the contract in Callahan county exists only if the suit within the intent of the venue statute is one to foreclose a lien on land in that

county. Why should simple allegations of such a cause of action be any more conclusive against a nonresident defendant in such a case than simple allegations showing a cause of action against the resident defendant in cases under subdivision 4? It seems to us that the reason for requiring allegations and proof of the facts to show the existence of such cause of action coming under subdivision 4 likewise exists in any suit under any exception where more than one cause of action is sought to be litigated together, and one or more of them do not come within any exception to the general rule of venue.

In Richardson v. Cage, 113 Tex. 152, 252 S. W. 747, 749, dealing with subdivision 4, it was said: "In a case, as here, where the plaintiff attempts to allege a cause of action against one defendant, relying upon the existence of that cause of action as a basis to maintain his suit in the county where it is brought against another defendant (or the same defendant upon another cause of action not coming within an exception) who does not reside in that county, he being in possession of the proof upon which he relies to establish that cause of action, we think the rule ought to be that in the trial on the plea of privilege he should be required to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant (or non-resident defendant against whom another cause of action, not within any exception to the statute, is also asserted), or the plea should be sustained."

By the express adoption of the opinion, the foregoing, we think, may be regarded as expressing the views of our Supreme Court. The interpolations in parentheses are all that are needed to make that statement of the law applicable to this case. Every reason that can be urged, so far as we can see, to support the statement proper, can be urged to support the interpolations. The reason of the rule established with reference to subdivision 4 is that a defendant may not be deprived of his privilege by means of the mere assertion of a cause of action against his codefendant. The reason for applying that rule to this case, or any other case where two or more causes of action are asserted against the same defendant or defendants, and venue is sought to be maintained because of the nature of one of them, is that the defendant or defendants in such a case likewise may not be deprived of his or their privilege by the mere assertion of another cause of action which, if it have a bona fide existence, would fix the venue as laid. If, independently of the allegations of the petition, the facts showing the existence of a bona fide cause of action must be pleaded and proven in the one case, they should also in the other. Under this view the excerpts

quoted from former opinions of this court are correct, but only so when applied to suits involving a single cause of action.

So far as we are aware, this distinction or principle of differentiation has not been discussed in any of the numerous cases on pleas of privilege. It has, we think, been applied in a number of cases. The principle has nowhere been more forcefully asserted in general terms than by the Supreme Court in Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S. W. 25, 26, wherein it was said: "The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts. Where jurisdiction of the person of a defendant is claimed under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile as provided by that statute, to defeat this plea, and deprive him of that right, we think the facts relied on should be not only alleged, but proved."

A concrete application of the principle is to be found in Southwestern Surgical Supply Co. v. Scarborough (Tex. Civ. App.) 15 S.W. (2d) 65. In a suit upon an open account against a nonresident defendant, there was joined a cause of action upon a note providing for payment in the county where suit was brought. The note was not due unless certain facts existed which gave the plaintiffs the right and option to accelerate the due date thereof. The court held, because such facts were not proved to exist, the cause of action upon the open account could not be maintained as against the plea of privilege. For other cases applying the principle, see: Groos v. Brewster (Tex. Civ. App.) 55 S. W. 590; Witting v. Towns (Tex. Civ. App.) 265 S. W. 410; Van Horn Trading Co. v. Day (Tex. Civ. App.) 148 S. W. 1129.

Since the decision in Middlebrook v. Manufacturing Co., 86 Tex. 706, 26 S. W. 935, it has been the rule that, where plaintiff sues a nonresident defendant upon a cause of action maintainable under one or more of the exceptions to the general venue statute, he may join in the same suit other causes of action properly joinable against the same defendant, although alone such other causes of action could not be maintained as against the plea of privilege in the county where suit is brought. It seems to us, however, that in applying this rule much of the confusion and the conflicts to be found in the decisions have resulted from a failure to recognize that different principles control the nature and quantum of pleading and proof in such a case, and one where a single cause of action coming within an exception to the rule is involved. To illustrate, A sues B in C county upon a single cause of action, seeking to recover damages for fraud and deceit committed in said county. B, who resides in D county, files his plea of privilege. To hold that A must, on the question of venue, plead and prove the facts to show a cause of action would be to require him to twice litigate the subject-matter of his suit. By no possibility can it be the only purpose of such a suit to deprive the defendant of his privilege. If the venue cannot be maintained, neither can the suit on its merits. It cannot be presumed that the plaintiff would incur the certain costs and expense simply to deprive the defendant of his privilege, with no expectation of holding him to a final liability on the only cause of action asserted. In such a case plaintiff should be required to do no more than exhibit his petition and prove that, if the alleged fraud existed, it was committed in the particular county where alleged. The same is true of single causes of action asserted and sought to be maintained under other exceptions where the nature of the suit is a material fact.

But how different is the situation where more than one cause of action is claimed? A sues B and C in D county to recover land situated in E county, and to partition said land. B files a plea of privilege to be sued in F county. A seeks to maintain venue under subdivision 13 on the ground that C, a resident of D county, asserts an adverse claim to the land, and also under subdivision 4 because C, being one of the defendants, resides in said county. As we have already pointed out, to sustain the venue under subdivision 4 the facts showing a cause of action against C must be pleaded and proved. We can conceive no reason why any less burden should exist as to subdivision 13, since it may just as well be that C asserts no adverse claim to the land or claims no interest therein to make him a proper party in a partition suit at all. In other words, since another cause of action is sought to be litigated, there is no guaranty of the bona fides of the one upon which the venue is dependent. We are therefore of the opinion that it ought to be the rule that, where a suit is brought involving more than one cause of action, one or more of which does not come within any of the exceptions, and venue is sought to be sustained on the ground that one or more of such causes of action do come within some exception or exceptions, a nonresident defendant joined in the suit and claiming his privilege should be entitled to have the case transferred to the county of his residence, unless the plaintiff pleads and proves the facts to show a bona fide cause of action within the exception or exceptions claimed.

Recognizing and applying such rule to the facts of this case, we have concluded that there was no evidence to show a cause of action against any of the defendants for the foreclosure of a lien on land in Callahan county. There was no evidence that Weigel

made the contract in question for any of the defendants. That defendants may have been associated with him in interest in some undisclosed way is no evidence that he was their agent or had any authority to bind them by the contract in question.

We are therefore of opinion that our judgment, although based upon the wrong grounds, was nevertheless correct for the reasons hereinbefore set out. The motion for rehearing should be overruled, and it is accordingly so ordered.