## IDAHO OIL CO. v. ATLAS SUPPLY CO.
### No. 14457.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 27, 1942.

Harrington & Harrington, of Longview, for appellant.

McGown, McGown, Godfrey & Logan and John M. Scott, all of Fort Worth, for appellee.

BROWN, Justice.

The judgment appealed from is one overruling a plea of privilege filed by appellant.

Appellee sued appellant in the district court of Tarrant County on a series of notes executed by appellant· and payable to appellee in Tarrant County.

Appellant answered alleging payment in full of the notes, whereupon appellee filed an amended petition in which it sought recovery on the said notes and in the alternative pleaded that if in fact it be found that the notes were actually paid in full that appellee also sold appellant on open account and that appellee was entitled, in the alternative, to a judgment on its open account.

When this last pleading was filed, appellant urged its plea of privilege for the first time. To this plea appellee filed a proper controverting affidavit, asserting that the cause of action is bottomed on the promissory notes, made payable in Tarrant County, and that the alternative cause of action on the open account is one properly joined with the cause of action on the notes.

To the controverting plea appellant answered and asserted:

"1. This defendant specifically' denies that plaintiff's alternative cause of action upon the open account sued on is additional cause of action which may be properly joined in this cause and in this respect shows to the court that the cause of action

upon the promissory note sued on upon which plaintiff relies to fix venue in this case has been paid and discharged in full and plaintiff has no cause of action upon the promissory note. This defendant specifically adopts his plea of payment contained in his First Amended Original Answer and showing a discharge and payment in full of said promissory note and cause of action thereon.

"2. This defendant says that the only cause of action which plaintiff may maintain against this defendant is a cause of action upon an open account which is not properly triable in Tarrant County, Texas."

This pleading is not verified.

Issue being joined, the trial court overruled the plea of privilege and the defendant has appealed.

Appellant insists that its plea of privilege was not due until appellee filed its amended petition.

Vol. 43, Tex.Juris., par. 73, pp. 795–797, is cited with its collated authorities.

We think appellant's contention is correct.

 This text announces the rule that if the suit is brought where jurisdiction, under the case as stated in the plaintiff's original petition, rightfully belongs, the trial court will retain jurisdiction with respect to any supplemental cause of action that may be urged in an amended petition, unless the additional cause of action was fraudulently inserted for the purpose of depriving the defendant of his privilege to be sued in the county of his residence. See Kendall v. Hackworth, 66 Tex. 499, 18 S.W. 104.

This cited text also announces the rule that where a plaintiff by amended petition abandons the cause of action on which venue is bottomed and relies upon a cause of action not properly triable in the county where the suit is filed, the right to then file a plea of privilege enures to the benefit of the defendant.

We do not have before us either situation or condition mentioned in the text.

When the amendment was undertaken by the plaintiff in the instant suit, the additional cause of action was not one inserted for the purpose of giving the trial court venue of the case. It was one on which venue could not be bottomed in Tarrant County.

But if the language of the Supreme Court in the cited case was meant to cover such a situation as the trial court had before it in the instant suit, then it appears to us that the defendant should have pleaded that the cause of action bottomed upon the notes was fraudulently brought with the cause of action on the open account for the purpose of conferring venue on the trial court. No such issue was raised in the trial court.

As we view this record, the plaintiff has sued upon its promissory notes and the defendant is claiming that the payments made by it ought to be applied to the discharge of the notes. It is a contest over the application of payments.

This all goes to the merits of the case and not to the venue.

 We do not believe that the case of Southwestern Surgical Supply Co. v. Scarborough, Tex.Civ.App., 15 S.W.2d 65, or that of Sims et al. v. Callihan et al., Tex. Civ.App., 39 S.W.2d 153, (see per curiam opinion, Tex.Civ.App., 40 S.W.2d 869, in which a majority of the court does not agree with all the conclusions reached by the writer of the original opinion on rehearing) are authority on which we may properly sustain the plea of privilege in the case before us.

The judgment of the trial court is affirmed.