WOOD et al. v. HUMBLE OIL & REFINING CO. (No. 10892.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 13, 1924.)

1. Action ⟨⟩25(2)—Action to recover payment by mistake not for equitable relief, relative to stale demand.

Action to recover duplicate payment made through mistake and oversight is not a suit for equitable relief, relative to defense of stale demand.

2. Limitation of actions ⟨⟩28(1)—Action within two years to recover payment by mistake, seasonable.

Action to recover duplicate payment made through mistake, begun within two years of such payment, is seasonable, within Rev. St. art. 5687, the two years' statute of limitation; but, if it is not one for debt, then article 5690, the four years' statute is the only one that can apply.

3. Equity ⟨⟩87(1)—Statutory periods of limitation applied by analogy to defense of stale demand.

By analogy statutory periods of limitation are applied to the equitable defense of stale demand, when considered separately and apart from questions of ratification.

4. Principal and agent ⟨⟩146(1)—No defense to action for duplicate payment, that unknown to purchaser another was real owner of property, and received the money.

The vendor of oil leases having been the legal owner thereof and conveyed them, and received both checks of the purchaser for the price, it is no defense to action for the duplicate payment that, unknown to purchaser, vendor's son was the real owner, and received the money on both checks.

5. Payment ⟨⟩89(5)—Evidence held to support finding of duplicate payment.

Evidence, in action to recover money paid, as having been a duplicate payment for certain oil leases, held to support finding for plaintiff, as against defense that said payment was for other leases.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Action by the Humble Oil & Refining Company against O. J. Wood and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Brown & Graham, of Graham, for appellants.

John C. Townes, Jr., and Hines H. Baker, both of Houston, and Fred T. Arnold, of Graham, for appellee.

DUNKLIN, J. The Humble Oil & Refining Company purchased from O. J. Wood oil leases' standing in his name covering two half sections of land in Throckmorton county. The consideration for the purchase was $2,400 cash, which was then paid by the purchaser by a check drawn in favor of O. J. Wood. Some two months later, the Humble Oil & Refining Company executed and delivered to O. J. Wood another check for the same amount, which was cashed by O. J. Wood. The oil company sued to recover the amount received by O. J. Wood on the second check, upon allegations that through mistake it was issued and delivered in payment for the two leases for which payment had already been made; in other words, that the payment for those leases had been duplicated through mistake and oversight. Upon the trial of the case the jury found that that contention was true, and upon that finding judgment was rendered against O. J. Wood and his son, C. L. Wood, from both of whom it was alleged plaintiff purchased the leases and to whom it made both payments. The defendants have prosecuted this appeal from that judgment.

[1, 2] The suit was brought within two years from the date of the duplicate payment, which the jury found was made, and therefore it was not barred by any statute of limitation. Such being the nature of the cause of action, we overrule appellants' contention that it was a suit for equitable relief, and that the demand was stale, since nearly two years elapsed after plaintiff discovered the mistake before the suit was instituted, and therefore the relief should be denied. Article 5687, Rev. Stats.; McLane v. San Antonio National Bank (Tex. Civ. App.) 68 S. W. 66. If the suit should be held not to be an action for debt within the meaning of article 5687 of the statutes, then the only statute of limitation which could apply would be article 5690, which is the statute of limitation of four years.

[3] Furthermore, by analogy, statutory periods of limitation are applied to the equitable defense of stale demand, when con-

sidered separately and apart from questions of ratification, waiver, or estoppel. Smith v. Fly, 24 Tex. 352, 76 Am. Dec. 109; Emerson v. Navarro, 31 Tex. 335, 98 Am. Dec. 534; Story on Equity, § 1520; McLean v. Stith, 50 Tex. Civ. App. 323, 112 S. W. 355.

[4] Since O. J. Wood was the legal owner of the leases and conveyed them to the plaintiff and received both checks, which were payable in his name and were collected by him, he cannot be heard to say that he was not legally liable to the plaintiff for the second payment, because of the fact, which was unknown to the plaintiff, that his son, C. L. Wood, was the real owner of the leases, title to which stood in the father's name, and that he received all the money on both checks.

[5] The testimony was ample to support the finding of the jury of the duplicate payment and the further finding of the jury that the second check was not given for two other leases alleged to have been sold later to plaintiff, as pleaded by the defendants; the evidence showing that the legal title to such other two leases still stands in the name of O. J. Wood and that no written conveyance thereof has ever been made by him to, or claimed by, the plaintiff.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.