### DALLAS TRUST & SAVINGS BANK v. BROWN.

#### No. 4138.

Court of Civil Appeals of Texas. Texarkana.

Feb. 12, 1932.

Rehearing Denied March 31, 1932.

McBride, O'Donnell & Hamilton, of Dallas, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

WILLSON, C. J. (after stating the case as above).

That the interest stipulated for in the promissory notes evidencing the contract in question was usurious, was not questioned in the evidence heard at the trial. While it appeared in that evidence that the notes were made by appellee to appellant, it appeared, further, that appellant had assigned same to the Connecticut Life Insurance Company, and that in receiving and collecting the interest as it did; appellant acted for and as the agent of said insurance company. The contention that by force of the statute referred to in the statement above, appellant nevertheless was liable to appellee as claimed by him, was on the theory that it also appeared that appellant was estopped from asserting he was not the owner of the notes and in receiving the interest acted for said insurance company.

As supporting his contention, appellee points to evidence showing (as he contends) that when he paid the interest he did not know appellant had assigned the notes, and

1046

was induced by conduct of appellant with reference thereto to believe that it still owned them, and then quotes as follows from 21 Corpus Juris, 1060: "If a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny that that state of facts does not in truth exist."

We think the principle of law invoked has no application in the case, for, evidently, the injury to appellee was caused by his entering into the contract to pay usurious interest and afterward paying such interest when he was not bound to do so, and was not caused by appellant's failure to advise him it had assigned the notes and was acting for its assignee in receiving the interest.

As we view the case, it did not appear in the evidence that appellee had a cause of action against appellant; and certainly, if it did so appear, such a cause of action was not one created by the statute referred to, but was for damages for fraud inducing appellee to believe it owned the notes and as owner was entitled to collect and receive the interest.

The judgment will be reversed, and judgment will be rendered here that appellee take nothing by his suit against appellant.

On Motion of Appellee for a Rehearing.

The statement in the opinion disposing of the appeal that appellant assigned notes specified to the Connecticut General Life Insurance Company is erroneous, so far as it applied to the note for $2,065 described as payable in installments. That note was for interest stipulated for in the contract covering the loan represented by the $9,000 note and the five notes for $500 each. It was not transferred to said insurance company, but, it seems, was assigned to the United States Bond & Mortgage Company; and it appeared in the evidence that $390 of the $1,125 interest paid by appellee January 1, 1925, and $390 of the $1,090 interest paid by him January 1, 1926, was on account of said $2,065 note. It follows that it appeared that only $1,435 of the interest payments of $1,125 and $1,090, aggregating $2,215, was received by appellant as the agent of the insurance company, and that it received the $780 remaining of said payments either on its own account or as the agent of said bond and mortgage company.

In its answer appellant alleged that it "never (quoting) received any payment of interest as the owner of any of the notes described in the plaintiff's petition," and, as we construe it, the undisputed evidence heard at the trial supported the allegation. In that state of the record, we do not think this court erred when it held that it appeared appellant was not liable for the recovery, or any part of it, sought by appellee against it, unless it ought to be said it was estopped to deny such liability. That it was not estopped to make such denial so far as the amount of the payments to the insurance company were concerned, we think clearly appeared in the fact that the transfer of the $9,000 notes and the $500 notes to it were of record and appellee was bound to take notice of the fact that it, and not appellant, owned them.

Whether appellant was estopped to deny that the $780 paid to it on account of the $2,065 note was paid to it as the agent of the bond and mortgage company is another question. There was no evidence showing, or tending in the least to show, that at the time appellee made the payments of $1,125 and $1,090, respectively, he knew appellant had assigned the $2,065 note to the bond and mortgage company, or any one else, or had any reason whatever to believe that appellant was not then the owner of that note. The fact, and only fact as we construe the evidence heard by the court, which could plausibly be claimed to support the charge of estoppel, is that appellant by an instrument in writing dated January 18, 1927, acknowledged payment by appellee in full of the $2,065 note, and undertook to release a lien on lands created by appellee in 1921 to secure the payment of the note. It will be noted the release was executed more than a year after January 1, 1926, the date of the last interest payment of $1,090, and therefore that recitals therein could not have influenced appellee to make either that payment or the one of $1,125 made January 1, 1925. 17 Tex. Jur. 137.

The motion is overruled.