**COMMERCE FARM CREDIT CO. v. FERGU-
SON et ux.**

No. 3065.

Court of Civil Appeals of Texas. Amarillo.
March 23, 1932.

Terrell, Davis, Hall & Clemens, of San An-
tonio, and Williams & Day, of Plainview, for
appellant.

Oxford & Oxford, of Plainview, for appel-
lees.

JACKSON, J.

The plaintiffs, Joe Lee·Ferguson and wife,
Lola Ferguson, instituted this suit in the dis-
trict court of Hale county against the defend-
ants, the Commerce Farm Credit Company,
the Southwestern Life Insurance Company,
both Texas corporations, and the Commerce
Trust Company, a Missouri corporation, to re-
cover $9,716, double the amount of usurious
interest alleged to have been paid to the de-
fendants by the plaintiffs.

The plaintiffs pleaded that on June 28, 1921,
they borrowed from the Commerce Farm
Credit Company, $11,000, executing therefor
their note, due and payable July 1, 1931, to-
gether with ten interest coupons attached
thereto, each for the sum of $660 and payable
annually, the first due July 1, 1922, and one
each year thereafter for a period of ten years.
That the coupons represented 6 per cent. in-
terest on the principal note of $11,000. That
at the same time they executed to the Com-
merce Farm Credit Company five other notes,·
each for the sum of $660, which evidenced in-
terest on the sum of $11,000 at the rate of 3
per cent. per annum for ten years, but that
said notes were made payable in five equal·an-
nual installments, the first maturing July 1,
1922, and one each year thereafter until said
five notes were paid. That each of said five
installment notes·provided for interest at the
rate of 10 per cent. per annum after maturity,
stipulated for 10 per cent. on principal and in-
terest as attorneys' fees, and contained an ac-
celerating clause authorizing the holder, in
the event of default in the payment of any
installment note or interest thereon, or. in the
event of default in any installment of interest
on the $11,000 note, to declare the entire in-
debtedness due.

They alleged that to secure the payment of
the note for $11,000 and the interest coupons
attached thereto, they executed a deed of
trust on certain real estate in Lamb county,
Tex., which they sufficiently described, and
that they, at the same time, executed a deed
of trust creating a second lien on the real es-
tate to secure the payment of said five install-
ment notes. That the first deed of trust pro-
vided if default was made in the payment of
the principal or any installment of interest
thereon, the entire indebtedness should be-
come due, together with 10 per cent. attor-
neys' fees. That the second deed of trust pro-
vided that it was subject to the first deed of
trust, but executed concurrently therewith,
and if the notes secured thereby and each of
them were not paid promptly when due, then
all of said notes should become due and pay-
able at the election of the holder, and author-
ized the trustee to sell the property after
notice and apply the proceeds, first, to the ex-
pense of the sale; second, to the payment of
the amount secured; third, to the payment of
any delinquent interest, taxes, attorneys' fees,
or other sums due under the terms of the first
deed of trust, and the balance to the grantors
or their legal representatives.

That said contract for the payment of in-
terest evidenced by said deeds of trust, notes,
and coupons, was unenforceable and void be-
cause the stipulations required the payment
of usurious interest.

That in 1922 the plaintiffs paid the Commerce Farm Credit Company $1,413.83, and that thereafter, having defaulted, upon demand of the defendants, who exercised their option and matured all of said indebtedness, principal and interest, in order to save a foreclosure upon and a sale of their real estate. the plaintiffs, on December 18, 1924, paid to the defendants the sum of $14,538.28, and that $4,858.28 thereof was collected and paid as interest. That said amount was in excess of the interest allowed by law and was usurious, rendering the contract for interest void and unenforceable for usury.

That all of the defendants claim some interest in the notes and have received a portion of the moneys, the amount of which is unknown to the plaintiffs, and for that reason all of the defendants are made parties to the suit.

The defendant, Commerce Trust Company, filed a motion to have the case removed to the federal court. The motion was granted, the case transferred, and the citation served on said defendant was quashed in federal court, and, on motion of plaintiffs, the Commerce Trust Company was dismissed from the suit and the case remanded to the state court.

The Commerce Farm Credit Company, after the case was remanded, answered by numerous demurrers and exceptions, general denial, alleged that the original contract was between the plaintiffs and the Commerce Farm Credit Company, that the instruments recited in plaintiffs' petition were executed without any intention upon the part of said defendant to create or charge usurious interest, that said interest was legal and valid and the rate charged in the instruments, calculated for a period of ten years, did not exceed 10 per cent. on the principal indebtedness, and was not usurious. That shortly after the execution of the notes and deeds of trust said defendant sold, assigned, and transferred the loan to the Commerce Trust Company and thereafter owned no part of said loan, received and retained no money on account thereof, and any payments received by it were for the benefit of said assignee and promptly transmitted to it. That the item of $1,413.83 alleged to have been paid in 1922 was barred by the statute of two years limitation. That, in a settlement and an adjustment between the parties, plaintiffs were permitted to pay an agreed sum for the discharge of the indebtedness and the sum charged in excess of the legal interest was a bonus for the privilege extended to the plaintiffs of discharging the indebtedness at the time it was paid.

In reply to the defense pleaded by the Commerce Farm Credit Company alleging that it was not the owner of the loan, which had been transferred, and that any moneys collected by it was for the benefit of its assignee, the plaintiffs, by a supplemental petition, alleged that the Commerce Farm Credit Company was estopped from asserting as a defense that it had transferred and assigned the loan to the Commerce Trust Company, because no assignment was ever made or recorded from the Commerce Farm Credit Company to the Commerce Trust Company. That the principal note for the sum of $11,000, together with the first lien, according to the records of Hale county, had been assigned to the Southwestern Life Insurance Company, but the Commerce Farm Credit Company had at all times held out and represented to the plaintiffs that it was the owner of the five notes secured by the second lien, had collected the interest that had been paid, placed the notes in the hands of its attorneys for collection, demanded in its name full payment of all interest and attorneys' fees on the entire indebtedness, made a full and final settlement with the plaintiffs, accepted the entire loan and the interest thereon in full, executed a release of the second lien in which it asserted ownership of the five installment notes, received the money thereon, as well as all money paid on the principal and interest secured by the first lien.

The record discloses that during the trial the plaintiffs and the defendant Southwestern Life Insurance Company settled the controversy between said defendant and the plaintiffs, and it is unnecessary to make any statement of the pleading of said defendant.

The case was tried to the court without the intervention of a jury and after dismissing the Southwestern Life Insurance Company and the Commerce Trust Company and eliminating certain items sought to be recovered by plaintiffs, the court found that the contract was usurious; that plaintiffs had paid to the Commerce Farm Credit Company usurious interest in the sum of $3,200.63; that plaintiffs had no notice or knowledge of any transfer of any of the indebtedness to the Commerce Trust Company by the Commerce Farm Credit Company; that the acts and conduct of the Commerce Farm Credit Company estopped it from asserting that the usurious interest collected by it and paid by the plaintiffs belonged to the Commerce Trust Company. Judgment was entered that the plaintiffs recover from the Commerce Farm Credit Company the sum of $6,401.26, double the amount of usurious interest, and from this judgment the Commerce Farm Credit Company prosecutes this appeal.

The appellant, by numerous assignments, asserts that the notes, deeds of trust, and testimony showed that the transaction between it and appellees was not tainted with usury, but that all the interest charged thereby was legal and valid, and the court erred in holding that such interest was usurious and giving appellees judgment therefor.

The record discloses that the provisions in the notes and deeds of trust involved in this·

suit for the collection and payment of interest are, in effect, identical with the instruments involved in the case of Shropshire et ux. v. Commerce Farm Credit Company, 30 S.W.(2d) 282 and 39 S.W.(2d) 11, decided by the Supreme Court, and that all of appellant's contentions relative to the transaction being free from usury are definitely settled adversely to appellant.

The appellant urges as error the action of the court in finding that appellees had no notice of the transfer of the five installment notes and the second lien securing the payment thereof by the Commerce Farm Credit Company to the Commerce Trust Company, and that the acts and conduct of the Commerce Farm Credit Company estopped it from claiming that it collected and received the moneys for the Commerce Trust Company, if it did collect it for said company, because appellees did not sufficiently plead estoppel, and the testimony discloses that appellant had transferred the loan and received and transmitted the money to the true owner.

■■ The plea of estoppel attacked by appellant is contained in appellees' supplemental petition and no exception, either general or special, was leveled by the appellant at said plea in the trial court, and the sufficiency of such plea is assailed for the first time in this court.

No objection was offered to the testimony relative to appellees' knowledge or the acts of appellant held to constitute an estoppel.

It is the general rule in this state that a demurrer, though filed, not called to the attention of the trial court and acted upon, is waived. In the instant case the appellant having failed to urge any demurrer, special or general, to the plea of estoppel, we are of the opinion that its contention as to the insufficiency of the pleading, raised for the first time in this court, is not tenable. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533; Sigel v. Buccaneer Hotel Co. et al.. (Tex. Civ. App.) 40 S.W.(2d) 168, writ refused; Martin v. Farmers' National Bank of Hillsboro (Tex. Civ. App.) 294 S. W. 240.

Appellant maintains in its argument that the evidence was insufficient to show that appellees had been prejudiced by or suffered injury because of the acts and conduct of the appellant, and hence no estoppel against it was shown.

■ The record discloses that the loan was originally negotiated and consummated between appellant and appellees, both deeds of trust show that appellant was the beneficiary therein, the coupon notes attached to the $11,000 note and the five interest notes secured by the second lien were made payable to appellant, Commerce Farm Credit Company, or bearer, at the office of the Commerce Trust Company in Kansas City. That appellant, on October 4, 1921, by a written assignment, transferred to the Southwestern Life Insurance Company the note for $11,000, together with the lien securing the payment thereof; that the payment of $1,413.83 by appellees was to the order of appellant. This draft was indorsed by appellant and later by the Commerce Trust Company. On April 7, 1924, the appellant, through its attorneys, advised the appellees by letter that the Commerce Farm Credit Company "has forwarded to us for collection your notes secured by liens" etc., gave the amount due, and stated the appellant had no desire to take advantage of the default, and if appellees would "remit to us at once for them," the payment would be accepted, but unless payment was promptly made, it would be necessary for the company to take action to protect its rights on account of the default. On April 22d in reply to a letter from the appellees, the same attorneys stated: "We have your recent letter in regard to your indebtedness to the Commerce Farm Credit Company," etc. In reply to the letter of appellant's attorneys dated April 7th, Joe Lee Ferguson wrote, acknowledging receipt of the letter, stating, "With reference to the notes that I owe the Commerce Trust Company." He also thereafter wrote two letters to the Commerce Trust Company, indicating that he understood that said company was the owner of the notes. Some time after writing these letters, Mr. A. B. Barnes, the vice president and active manager of the Commerce Farm Credit Company, called on Mr. Ferguson in person relative to the payment of his obligation, made the appellees a statement of the balance due and the amount that would be accepted, returned to Dallas, and advised Mr. Ferguson by letter that he had been to Kansas City, and the bank was willing to accept payment upon the terms "we discussed in Plainview. * * * That we will settle with you upon the same basis." After giving an itemized statement of the amount due, he closes his letter in this language: "Will you please advise me at once if the above figures are satisfactory and if you desire to avail yourself of the privilege of paying this entire indebtedness to us upon the terms above outlined?" This letter was written on the stationery of appellant and signed by A. B. Barnes, vice president. On the basis of the figures submitted in this letter, a settlement was made, the payment forwarded to the appellant, the $11,000 note and the first lien released by the Southwestern Life Insurance Company, and the five installment notes and the second deed of trust lien were released by the Commerce Farm Credit Company, in which instrument it is recited: "The Commerce Farm Credit Company (a corporation) of Dallas, Texas, the owner and holder of said notes, does by these presents release the lien shown by the deed of trust and notes," etc.

Mr. Ferguson testified that, at the time he was visited by A. B. Barnes relative to a settlement of his loan, Mr. Barnes did not claim or state that he was representing the Commerce Trust Company, but represented to him that he was and did represent the Commerce Farm Credit Company. This, in brief, discloses the facts and circumstances at the time the settlement was made and the money paid to the Commerce Farm Credit Company, and at the time the appellees instituted their suit.

In our opinion, this testimony is sufficient to support a finding of the court that the appellees had no notice or knowledge of the transfer of any part of the indebtedness from the Commerce Farm Credit Company, the appellant in this case, to the Commerce Trust Company. If this conclusion is correct, the appellant is responsible to appellees for the usurious interest received by it for the reason that it acted in its own name and failed to disclose its agency or the principal for which it was acting.

■ "The duty rests upon the agent, if he would avoid personal liability, to disclose his agency and not upon others to discover it. It is not, therefore, enough that the other party has the means of ascertaining the name of the principal; but the agent must either bring to him actual knowledge or, what is the same thing, that which to a reasonable man is equivalent to knowledge, or the agent will be bound." 1 Mechem on Agency, 1044, § 1413.

"The contention of appellant is that the refusal of the special charge embraced in the assignment was error, because the general charge precluded the jury from considering the evidence which tended to show that plaintiff knew or was put upon notice of the fact that defendant's connection with the construction of the houses was merely that of an agent. If it should be conceded that appellee was put upon notice of the fact of appellant's agency, the latter would not be relieved from the operation of the rule enunciated in our disposition of the first assignment. The duty is upon the agent, if he would avoid personal liability, to disclose his agency, and not upon others to discover it, and if he fails so to do, and deals with persons unaware of his agency, he must answer personally for the liabilities he contracts. * * * And, if he does not make such a disclosure, the presumption is that he intended to bind himself personally." Book v. Jones (Tex. Civ. App.) 98 S. W. 891, 892.

To the same effect is the holding in Hauser et al. v. Layne & Bowler et al. (Tex. Civ. App.) 131 S. W. 1156; Wood et al. v. Humble Oil & Refining Co. (Tex. Civ. App.) 268 S. W. 981; Burge v. Batson (Tex. Civ. App.) 13 S.W.(2d) 899; Diacomis v. Wright et al. (Tex. Civ. App.) 20 S.W.(2d) 139; Id. (Tex. Com. App.) 34 S.W.(2d) 806; Camp v. Dallas National Bank of Dallas (Tex. Com. App.) 36 S.W.(2d) 994.

■ It is true that on the trial of the case, which was long after the settlement and the institution of this suit, the appellant offered testimony tending to show that it had sold the loan, and the notes to the Commerce Trust Company, and by virtue of some agreement its connection with the transaction after the sale was as agent for the Commerce Trust Company, but it is not even contended that appellees had any notice, actual or constructive, of any sale, transfer, or arrangement between the appellant and the Commerce Trust Company, unless the facts heretofore recited relative to the information of appellees prior to the final settlement and the institution of this suit constituted notice.

"Knowledge of the real position of affairs acquired after a cause of action has accrued, can not affect the right to recover from an agent personally; and even the taking of a note signed by the principal as well as by the agent, will not necessarily exonerate the latter from responsibility on the original contract." 2 Tex. Jur. 538 § 172.

Without reciting in detail the testimony upon which the appellant relies to show that it was not the owner of the five installment notes secured by the second lien, it is our opinion that this evidence was not so conclusive as to require the court to find that appellant had sold and transferred said notes and lien to the Commerce Trust Company and was not the owner thereof. Whether or not the facts disclosed by the record constitute an estoppel, it is our opinion that the judgment of the court was authorized on his finding, which has sufficient support in the testimony, that appellees had no notice or knowledge of the transfer of the installment notes in the second lien by the appellant to the Commerce Trust Company, which, in effect, is a finding that appellant was acting in its own name as owner of said notes and lien and failed to disclose that it was not the owner and acting only in the capacity of an agent, and also on the inconclusiveness of the testimony relied on by appellant to show that it was not the owner of said notes.

The judgment is affirmed.