COMMERCE TRUST CO. et al. v. BEST et al.

No. 12707.

Court of Civil Appeals of Texas. Fort Worth. June 25, 1932.

Rehearing Denied Oct. 1, 1932.

Terrell, Davis, Hall & Clemens, of San Antonio, for appellants.

C. T. Gettys, of Decatur, for appellees.

CONNER, C. J.

This appeal is by the Commerce Trust Company and the California State Life Insurance Company from a judgment in favor of P. K. Best, assessing penalties against the trust company and crediting Best's obligation for borrowed money certain interest payments made by Best alleged to constitute usury. There are other parties to the suit as tried and disposed of, and the proceedings as a whole more or less complicated; but the parties to the suit other than those named above have not appealed or made complaint of the judgment, and we therefore, in the interest of brevity, omit the lengthy and clear statement of the case presented by counsel for appellants, and confine our statement to such parts of the evidence and proceedings as we think sufficient to an understanding of a disposition of the appeal.

The pleadings and evidence show without dispute that appellee Best on or about May 12, 1921, secured a ten-year loan of $9,500 and executed therefor notes stipulating interest at the rate of 6 per cent. per annum from date until paid. The interest was payable annually and secured by coupon notes. Of these there were ten, each for $540, maturing December 1, 1922 to 1930, inclusive. To secure the original and coupon notes, a trust deed, with defaulting provision therein as hereinafter set out, was executed covering some 400 acres of Best's land. The trust company was a party to and became the owner of the loan obligations, but later assigned the same to the California State Life Insurance Company. During the pendency of the obligation, Best paid a number of the interest coupon notes, after which on, to wit, November 13, 1926, he filed this suit, alleging the loan contract to be usurious and seeking to recover the penalty prescribed by the statute for all interest payments not barred by limitation and to have interest payments made which were barred credited upon the original obligation.

The defendants denied that the contract was usurious, claiming that by the terms of the contract the interest on the loan for its full term amounted to no more than 9 per cent. per annum; but the trial resulted in a judgment in favor of Best against the Commerce Trust Company for the sum of $4,229.-40, together with interest from the date of the judgment, August 6, 1931, at the rate of 6 per cent. per annum, and judgment in Best's favor against the California State Life Insurance Company as penalties in the sum of $2,160, which the court automatically credited on the principal sum of $9,000, giving the insurance company, however, judgment for the remainder due upon the principal obligation in the sum of $4,283.89, with interest thereon at the rate of 6 per cent. per annum, with foreclosure decree on Best's property. The judgment also disposed of other parties not thought necessary to mention.

From the judgment so rendered the defendants Commerce Trust Company and the California State Life Insurance Company excepted and have duly prosecuted this appeal. Appellee Best, however, has not appealed from the judgment against him in favor of the Commerce Farm Credit Company, the Cal-

ifornia State Life Insurance Company, and the Decatur National Bank and E. P. Gibson. It is also to be noted that the appeal of the California State Life Insurance Company was dismissed on its own motion by this court on the 7th day of May, last. It is therefore apparent that there is only left for our determination the questions which relate to the relative rights of the Commerce Trust Company and the appellee Best. We accordingly address ourselves to those questions alone.

■ The question first presented in appellant's brief under its first proposition is to the effect that where a loan is made for a period of ten years, the interest in part evidenced by coupon notes payable in a period less than the term of the loan, the balance of the interest being payable annually for the term of the loan, no usury results from a stipulation contained in the deed of trust authorizing the holder, at its option, on default in the payment of the notes, to declare all due and foreclose the lien securing the same, and more particularly is this true when no exercise of the option to mature was made during the period of a loan that has now matured. In support of this proposition appellants cite the case of Dugan v. Lewis, 79 Tex. 247, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332, and numerous other cases.

Section 11 of article 16 of our State Constitution provides that: "All contracts for a greater rate of interest than ten per cent per annum shall be deemed usurious, and the first legislature after this amendment is adopted shall provide appropriate pains and penalties to prevent the same. * * *"

In obedience to the mandate of the Constitution, the Legislature provided in article 5069, Rev. Statutes, that: " 'Interest' is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money: 'legal interest' is that interest which is allowed by law when the parties to a contract have not agreed upon any particular rate of interest; and 'conventional interest' is that interest which is agreed upon and fixed by the parties to a written contract, not to exceed ten per cent per annum. 'Usury' is interest in excess of the amount allowed by law; all contracts for usury are contrary to public policy and shall be void."

Article 5073 provides in part that: "Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. * * *"

The notes for $9,000 and for $500 and the interest coupon notes and trust deeds securing the payment of these obligations were all executed contemporaneously and were parts of a single transaction. Construing them together as a whole, we are unable to distinguish this case from that of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 285.

The trust deed executed to secure the payment of the notes and coupons under consideration specifically provides, among other things, that: " * * * If default shall be made in the payment of said notes, or any of them, or any installment of interest thereon, when due, or in case of the breach of any of the agreements or covenants herein mentioned, then the said trustee, or his successor in this trust shall be, and is hereby authorized and empowered, when requested to do so by the holder of said notes, or any of them, after such default, to sell the said property (the property described in the trust deed) in whole or in lots or parcels as to him shall seem most expedient, at public auction for cash, * * * and after such sale to make to the purchaser or purchasers thereof a good and sufficient deed in fee simple to the premises sold * * * and the trustee shall apply the proceeds of said sale as follows: First: to the payment of all necessary costs and expenses incident to the execution of said trust, including a commission of five per cent upon the amount of the proceeds of sale to the trustee as his compensation. Second: to the payment of the said notes then unpaid, including principal and such interest and attorney's fees provided in said notes as shall have accrued, and all taxes, assessments, insurance premiums or other advancements made as provided for herein, with interest thereon (it being understood and agreed that when default shall be made in the payment of said notes, or any of them, or any part thereof, when due, or of any installment of interest thereon, said notes shall become at once due and payable at the option of the holders thereof). * * *"

The clauses of the trust deed quoted, if not identical with the clauses of the trust deed considered in the Shropshire Case, are at least substantially the same. Indeed, appellants in their briefs in one place say: "The default clauses contained in the deed of trust introduced in this case are similar to such clauses in the Shropshire Case."

While the case of Dugan v. Lewis, 79 Tex. 247, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332, and other cases cited in behalf of appellants, may seem to support their contention, yet the decision in the Shropshire Case, opinion written by Mr. Justice Greenwood in which the Dugan Case and numerous other authorities were carefully reviewed, is in conflict, the conclusion reached in the Shropshire Case being indicated by the following quotation from that opinion: "A clear statement of the law which governs our decision is made in 27 Ruling Case Law, at § 24, on pages 223

and 224, in these words: 'To constitute usury, it is of course essential that an excess of the legal maximum be exacted in consideration of the loan or forbearance. By this is meant an excess of the maximum prescribed by statute. Though there is authority to the contrary, it does not seem requisite that an excess be payable in any event. On the contrary a contract is usurious when there is any contingency by which the lender may get more than the lawful rate of interest, whether it is so apparent that it becomes the duty of the court to so declare, or whether it is a case in which it is necessary that the jury should find the facts. Usury, it is considered, does not depend on the question whether the lender actually gets more than the legal rate of interest or not; but on whether there was a purpose in his mind to make more than legal interest for the use of money, and whether, by the terms of the transaction, and the means used to effect the loan, he may by its enforcement be enabled to get more than the legal rate.' "

Looking to the contract under consideration, it appears that the aggregate amount of interest at the rate specified in the contract for the entire term of the loan is a definite fixed sum. If the right of the debtor to retain the loan for the entire loan period was likewise secured and fixed, usury would not be deducible from the contract; but it is apparent that when effect be given, as must be done, to the right of the lender to accelerate or advance the due date of the obligation to pay the loan, then the rate of interest as fixed in the contract will automatically be increased to a rate of interest designated in the constitution as void. If void, then any interest paid on the contract amounts to usury under the statutes and subjects the person receiving the same to the penalties prescribed. The due date of the loan in question had not matured at the dates of the interest payments made by Best or of the institution of this suit, although it had so matured at the date of the trial. But we do not think such circumstances will alter the proper effect to be given to the fact that the contract under consideration is usurious and that the borrower from time to time actually paid thereon interest as shown in the record. Appellants' first, second, and third propositions are accordingly overruled.

It will be seen by reference to the statement of the case that the Commerce Trust Company transferred the loan obligations under consideration to the California State Life Insurance Company and in the judgment the court credited the main obligation with the aggregate amount of all interest payments made that had been barred by the two-year statute of limitation, and in appellant's fourth proposition it is insisted, in effect, that this was erroneous in that the statute (article 5073) prescribes the remedy for making usurious payments and that this remedy is exclu-

sive. The case of Sugg v. Smith, 205 S. W. 363, 374, by the Amarillo Court of Civil Appeals, is in opposition to such view; but we need not definitely discuss or determine the question presented by the fourth proposition, in view of the fact that the California State Life Insurance Company alone was the defendant whose claim was abated in any degree by the application of the credits given for unbarred interest payments, and that company has abandoned its appeal and now makes no complaint of the decree of the court below in that respect.

■ The judgment rendered against the appellant Commerce Trust Company included penalties for several interest payments not barred by limitation which the Commerce Trust Company had collected and transmitted to the California State Life Insurance Company after that company's acquisition of the notes in controversy, and appellant insists, under the fifth proposition, that the statutory penalties for receiving and collecting usurious interest are recoverable only from the person, firm, or corporation actually receiving and appropriating the same, and hence that the court erred in adjudging penalties against it for a number of the interest notes collected and received by the Commerce Trust Company that were by that company transmitted to the California State Life Insurance Company, which, by assignment, had theretofore become the owner of the obligations. We are pointed to no evidence that appellee Best had notice of the transfer of the notes in question to the California State Life Insurance Company at the time of his payment of interest for which the court adjudged the penalty against the Commerce Trust Company. Under such circumstances it was held, by the Amarillo Court of Civil Appeals in the case of Commerce Farm Credit Co. v. Ferguson, 47 S.W.(2d) 879, that a collecting agent was liable for the penalty in receiving the usurious interest although it was later transmitted to the principal. Moreover, while the plaintiffs' allegation that the Commerce Trust Company and the Commerce Farm Credit Company were partners was denied, yet it is undisputed in the record that the Commerce Trust Company became a party to the usurious contract inasmuch as it was made the payee in at least some of the coupon interest notes and also acted, in part at least, as a collecting agent for the California State Life Insurance Company. We think the Commerce Trust Company must therefore be held to be in the position of, and liable as, a tort-feasor. The statutes impose the penalty against those who shall have *received* or *collected* usurious interest. The Commerce Trust Company undoubtedly collected and received the interest for which penalties were assessed against it and had notice of the usurious character of the contract under which such collections were made, and it must be held liable for the penalties. The person who knowingly de-

mands and receives as a collecting agent the usurious interest makes himself a party to the offense for which the statutes impose a penalty and subjects himself to that penalty as a joint tort-feasor, and, as such, liable either jointly or severally.

The contention presented under the sixth proposition, to the effect that the California State Life Insurance Company was not liable on the ground that it was an innocent purchaser for value without notice, we think has been sufficiently answered by what we have said in addition to the fact of the dismissal of its appeal.

Nor can we apply the doctrine invoked in appellant's seventh and eighth propositions, to the effect that an intention knowingly to contract for usury is an essential element, and hence that the parties defendant in this case are not chargeable because of a failure to establish such element. No issue of ambiguity or mutual mistake was tendered by the defendants, and it must certainly be held that they intended to provide for and bring about the particular results required by the legal meaning of the terms used in the contract in which they were made parties and beneficiaries.

There is a final contention under the ninth proposition, to the effect that the contract which we have held to be usurious under the ruling in the Shropshire Case was written in view of the decision of our Supreme Court in the case of Dugan v. Lewis, 79 Tex. 247, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332, which, it is insisted, is in direct conflict with the Shropshire Case and has been the rule of decision for thirty years, thus establishing a rule of property in this state upon which the defendants in this case were and are entitled to rely, and that therefore the judgment against the defendants from which they appeal operates as a denial of due process of law repugnant to the federal and state Constitutions. In answer to the contention so made, we think we need only say that the opinion in the Shropshire Case, to which we have heretofore referred a number of times, was evidently prepared with great care and deliberation after a review of the authorities relating to the subject, including a special discussion of the decision in Dugan v. Lewis, which was held not to be an authoritative contradiction of what was said by Judge Greenwood in the Shropshire Case.

We feel no hesitation in following the opinion as written by Judge Greenwood; and hence in accord therewith the judgment below as against the Commerce Trust Company will be affirmed in all things, but will be left undisturbed in all other respects as to all other defendants.

On Motion for Rehearing.

The appellant Commerce Trust Company, supported by the decision of the Dallas Trust & Savings Bank v. Brown, 48 S.W.(2d) 1044, by the Texarkana Court of Civil Appeals, in which a writ of error was refused, earnestly contends that we erred in rendering judgment against it for the interest payments made by appellee Best on December 1, 1925 and 1926. But as stated in our original opinion, the appellant trust company was a party to and became the owner of the usurious contract in question, and under the decision of the case of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, by the Supreme Court, the appellant trust company must be held to have known that the contract was usurious. While the transfer by the trust company of the original obligation to the California Insurance Company was placed of record, it does not affirmatively appear that the coupon interest notes in question were recorded or that Best had actual knowledge of the transfer. It further appears that prior to the due date of these notes the Commerce Trust Company notified Best of the due dates thereof and requested payment. Best, in accordance with the terms of these notes, paid the interest and transmitted it to the trust company in exact accord with the terms of the notes and in obedience to the request.

Under such circumstances, if the Texas decision by Chief Justice Wilson is not distinguishable from the one before us, we think we must bring ourselves in conflict therewith and hold that the trust company, legally knowing at all times involved that the interest demanded and received from Best constituted usury under the law, cannot be relieved of the penalty of the statute merely because, in obedience to an obligation going to the California Life Insurance Company, it transmitted to that company the two payments in question. So believing, we think our original conclusion holding the trust company liable as a tort-feasor must be upheld.

In 1 Corpus Juris, p. 1022, title Actions, § 146, the text states: "It has been held that an action to recover a statutory penalty is in contract and not in tort; but it is ordinarily held that, although technically and formally in contract, debt being the usual form of action, such action is substantially in tort."

In Chaffee v. U. S., 18 Wall. 516, 21 L. Ed. 908, and as stated in 21 R. C. L. p. 222, title Penalties, § 15, it is said: "An action to recover a penalty, though in form ex contractu, is in truth and in fact founded on a tort. Therefore in an action against several it is not necessary to establish a joint liability, but it is sufficient if the liability of any of the defendants be shown. Judgment may be entered against them and in favor of the others, whose complicity in the offense for which the penalty is prescribed is not proved, precisely as though the action were in form as well as in substance ex delicto."

It is said in 30 Cyc. p. 1350, title Penalties, that: "Where a penalty is imposed on an of-

fense which several may and do jointly commit, the wrongdoers may be sued either jointly or severally."

While a writ of error was refused in Dallas Trust & Savings Bank v. Brown, by the Texarkana Court of Civil Appeals, above cited, it does not appear that the question here discussed was brought to the attention of the Supreme Court; and we conclude upon the authorities cited and upon principle that we correctly held the appellant trust company liable for the penalties we have discussed and that were adjudged against it, and that the motion for rehearing should be overruled.